1833.

HACKETT
*v.*
CONNETT.

---

## HACKETT *v.* CONNETT and others.

Although a court of law declines to determine a question of set off, yet this is not *res judicata* so as to preclude an inquiry in a court of equity having concurrent jurisdiction.

Unliquidated damages, arising from a breach of covenant, give no right of set off at law; and the same rule applies in chancery even since the R. S.

Although chancery has sometimes exercised the power of decreeing a set-off independent of the statute, it has only done so where there was either an express or implied agreement of stoppage *pro tanto* or mutual credit.

There is no such thing as an inherent quality or right of set off in the creation of a debt or demand. It can only arise or attach when there is a mutuality of debts of such a certain and ascertained character as to be capable of set off or of being applied in compensation of each other.

C. filed a bill against H. in October, 1829, which was dismissed on the 7th July, 1830, with costs. He filed another bill against H. on the 16th January, 1830, which was also, on the 19th October, 1830, dismissed with costs. In the month of April, 1830, C. had brought an action against H. for a breach of covenant and perfected a judgment therein on the 22nd November, 1830; but, prior to the judgment, he assigned the damages sustained in the action, to one A. Upon a bill now filed by H. to have the costs, upon the bills dismissed, set off against the judgment: IT WAS HELD, that the right of set off did not exist, provided the assignment was a valid and unsatisfied one. But H. was allowed the option of a reference to a master upon this point within a given time or to have the bill dismissed with costs.

---

*April* 30*th.*
1833.

*Set off.*

The object of the bill in this cause was to obtain the benefit of a set off.

1833.

HACKETT
v.
CONNETT.

The Defendant, Matthew W. Connett, had hired premises of the complainant, James H. Hackett, under a written lease. In the month of October, one thousand eight hundred and twenty-nine, Connett filed a bill in this court against Hackett, charging a breach of covenant, and praying that the latter might be prevented from collecting rent. An injunction issued: but this was afterwards dissolved and on the seventh day of July, one thousand eight hundred and thirty the bill was dismissed with costs. These costs were taxed at one hundred and thirty-eight dollars and thirty-seven cents.

On the sixteenth day of January, one thousand eight hundred and thirty, a second bill was filed by Connett against Hackett to the same effect as the former one; and this bill was also dismissed on the nineteenth day of October, one thousand eight hundred and thirty, with costs. The latter were taxed at one hundred and twelve dollars and sixty-nine cents.

In the month of April one thousand eight hundred and thirty, the present defendant, Matthew W. Connett, brought an action against James H. Hackett in the Superior Court of the City of New York, on an alleged breach of covenant and recovered a verdict, in November term following, of three hundred and twenty-five dollars; and docketted a judgment thereon the twenty-seventh day of the same November, for four hundred and eighty four dollars and thirty one cents (being the amount inclusive of costs). A writ of fieri facias was issued.

It appeared that on the fourteenth day of October, in the same year one thousand eight hundred and thirty, Matthew W. Connett assigned to one George Alcock, subject to the claims of Messrs. Price and Sears (attornies), the damages sustained by him in the said action in the Superior Court; and on the twenty-second day of November following gave notice of the same to the attorney of Hackett.

Matthew W. Connett had become insolvent.

The present complainant, Hackett, had paid two hundred and ten dollars on account of the judgment; and this had satisfied the attorney's costs included in the judgment and some part of the damages; and, against the balance, Mr. Hackett now claimed to set off the amount due to him on the decrees of dismissal, notwithstanding the assignment by Connett to Alcock.

Previous to the present bill being filed, a motion had been made before the Superior Court for the benefit of the set off; which was denied.

Mr. C. Baldwin, for the complainant.

Mr. W. S. Sears, for the defendants.

THE VICE-CHANCELLOR :—The defendants insist upon the *Oct. 21st.* result of the motion in the Superior Court as conclusive upon the complainant. The grounds of denying the motion there do not distinctly appear. As far as the views of the court at law have been ascertained, the merits were not passed upon. The judges considered it a case more proper for a chancery suit. They declined interfering, although they had the matter fully before them upon affidavits, and were competent, in the exercise of their equity powers over judgments in their own court, to determine the question. Still, whatever they may have intended and whether they did or did not pass upon the merits of the application, it would not be a matter *res judicata* so as to preclude an inquiry in this court, which has a concurrent jurisdiction. This point was expressly decided in *Arden v. Patterson*, 5. J. C. R. 44.; and by the Court of Errors in *Simpson v. Hart*, 14 J. R. 63. I must, consequently, endeavour to decide the question.

As the suit at law by the defendant Matthew W. Connett against the complainant James H. Hackett was for uncertain and unliquidated damages arising from a breach of covenant—and not for any thing in the nature of a debt or demand capable of being reduced to a certainty by calculation —there was no right of set off in such action at law. This is perfectly well settled: *Gordon v. Bowne*, 2. J. R. 150.; *Hepburn v. Hoag*, 6. Cow. 613. The courts of Chancery follow the rule of law in this respect: *Duncan v. Lyon*, 3. J. C. R. 351. Nor do I perceive the rule to have been altered by the Revised Statutes, which have undertaken to regulate the subject by pointing out in what cases a set off may be made: 2. R. S. 354. § 18.

Another difficulty existed in relation to a set off in the suit at law : Hackett's right to costs in the chancery suits had not

1833.

HACKETT
v.
CONNETT.

then become perfect by decree so as to form debts in his favour until after the commencement of the suit at law against him. In order to make a debt or demand a set off, it must have existed at the time when the suit was commenced. Here, then, are two reasons why a set off was inadmissible in a suit at law. But the moment a judgment was obtained in the action, a right to a set off, founded upon the equity of the statute, attached: unless the assignment to Alcock, of which notice had been given, prevented it.

The chose in action was capable of being assigned. It appears to have been made over on the fourteenth day of October, one thousand eight hundred and thirty—there is no evidence to the contrary. The consideration for the assignment, as expressed in the body of the instrument, was a prior indebtedness to the defendants Messrs. Price and Sears, for costs and professional services rendered to the assignor Connett, and an old debt to the defendant George Alcock for goods sold and money advanced or paid for him; and the avowed object of the assignment was to secure and pay these debts, giving to Price and Sears the preference.

Even although we assume the assignment to have been made in good faith, yet it must be admitted that the assignee could only take, subject to whatever rights or equities then existed in favour of Hackett against Connett. What, then, were those rights and equities? The defendant at law was at liberty to make the same defence to the action as he could have made if no assignment had been executed; and the same evidence could have been used. But he could make no set off. The right had not attached. Although, by this time, the costs in chancery, under the decrees of dismissal, might have ripened into a debt, still the forms of law did not permit him to make it a set off upon the trial. Nor did it operate *pro tanto* as payment or compensation for the damages claimed in the suit. Neither had he, then, any right in equity to a set off. The court of chancery extends the principle no further than a court of law under the statute of set off: *Duncan* v. *Lyon,* supra. Although chancery has sometimes exercised the power of decreeing a set off, before or independently of the statute, it has only done so where mutual debts existed and where there was either an express or

implied agreement of stoppage *pro tanto* or mutual credit. Here, at the time of the assignment, there were not mutual debts—much less a mutual credit. There was only a debt on one side; and on the other, a claim sounding in damages, which, when it became liquidated by a verdict and judgment so as to admit of set off, belonged to another person. There is no such thing as an inherent quality or right of set off in the creation or origin of a debt or demand. It can only arise or attach when there is a mutuality of debts of such a certain and ascertained character as to be capable of set off or of being applied in compensation of each other. Hence, there was no equity of this sort to which the assignment in question could be subjected. The whole doctrine of set off was critically examined by Judge Story in *Greene* v. *Darling*, 5. Mason's R. 202.; and I had occasion to apply the principles laid down by him to the case, recently before me, of *Wolcott* v. *Sullivan*, (see 1. vol. 399.)

I am of opinion the right of set off does not exist, provided the assignment is a valid one and debts not yet paid are really due to the defendants Messrs. Price and Sears and George Alcock.

The assignment makes no mention of the amount of these debts. Nor is there any evidence of it before me. Possibly the assigned claim may be more than sufficient to satisfy them or the parties may have obtained satisfaction elsewhere. If the complainant requires it, I will direct an inquiry to be had before a master in order to ascertain the amounts of the debts against Connett which the assignment professes to secure, and whether the same remain unsatisfied and unsecured by other property which may have come to the hands of George Alcock. There may yet be room for allowing a set off or compensation in part, if not for the whole of the balance due on the judgment against Hackett. But I shall leave it to his election to have a reference on the subject: at the peril of costs in case he fails; and this election is to be made in twenty days. If the complainant do not elect to take this course, the bill must be dismissed with costs.