1843.

Irving
v.
De Kay.

---

Irving and others, executors, *vs.* De Kay and wife.

The proper time for filing a cross bill, when such a bill is necessary, is at the time of putting in the answer to the original bill, and before issue is joined by the filing of a replication to such answer.

And where the defendant neglects to file his cross bill until after issue is joined in the original suit, he is not entitled to an order to stay the proceedings in that suit until an answer shall have been put in to the cross bill, without showing a sufficient excuse for the delay in filing his cross bill.

Under the provisions of the revised statutes, set-offs are allowed, in suits in the court of chancery for the recovery or payment of money, in the same manner and with the like effect as in actions at law. And a cross bill is not necessary to enable the defendant to avail himself of a legal set off in such a suit.

But no such set-off can be allowed in a foreclosure suit in chancery, under the provisions of the revised statutes, which could not have been allowed, as a proper subject of set-off, in the analogous case of a suit at law for the recovery of the mortgage debt.

A defendant in a suit in chancery, who has not a legal right of set-off, and who

1843.

Irving
v.
De Kay.

files his cross bill to avail himself of an equitable set-off to the complainant's demand, must not only show the existence of a debt due to him from the complainant, but he must also show that the complainant is insolvent, so that injustice will be done if the set-off is not allowed, and the defendant is left to his remedy by a separate and independent suit; or the defendant must state some other ground of equity, in his cross bill, which would have been sufficient to sustain an original bill in chancery for a set-off.

A debt due from a testator previous to his death is not a proper subject of off-set, under the provisions of the revised statutes, against a debt due to the executor, and contracted with him since the testator's death.

In a foreclosure suit brought by the executors to obtain satisfaction of a mortgage given to them by one of the residuary legatees of the testator, the share of the defendant in the residuary estate before such share has been liquidated and ascertained, is not a legal set-off. And it cannot be made a proper subject of equitable set-off upon a cross bill, to which the other legatees of the testator are not parties.

August 15.

THIS was an appeal from an order of the vice chancellor of the first circuit, staying all proceedings in this suit until the complainants therein should have put in and perfected their answer to the cross bill filed by the defendants De Kay and wife. One object of the present suit was to foreclose or obtain satisfaction of a mortgage upon a part of the real estate belonging to George C. De Kay and wife, in right of the wife, in the city of New-York, given to the complainants by De Kay and the special guardian of his wife, who was a minor at the time of the giving of such mortgage, to secure the payment of $6000 and interest, which was loaned by the complainants, as executors of the estate of H. Eckford deceased, to the said special guardian of Mrs. De Kay, for her support, &c. Another object of the suit was to obtain an injunction to restrain the defendants De Kay and wife from the further prosecution of a suit at law against Tillou, one of the complainants, for certain rents and profits of the real estate of Mrs. De Kay, and to have such rents and profits, and other rents and profits received by two of the other complainants, offset against the amount due upon the bond and mortgage. That bill was filed in April, 1842, and after a lapse of four or five months De Kay and wife put in an answer thereto, which was excepted to for impertinence, and a considerable portion thereof was expunged, upon reference of the exceptions to

a master. Upon the application of the defendants the injunction was dissolved upon the ground that the executors, as such, had no right to receive the rents of Mrs. De Kay's real estate, and that Tillou and the others who had received such rents were personally liable therefor, and had no right to offset the same against the amount due to them as executors, upon the mortgage. The decision of the vice chancellor dissolving the injunction was afterwards affirmed upon appeal to the chancellor. And De Kay and wife thereupon proceeded in their suit at law against Tillou, and collected the rents for which that suit was brought. A replication was afterwards filed to the answer, and in February, 1843, an order to produce witnesses was entered and served upon the solicitor of the defendants; but they examined no witnesses in relation to any of the matters of defence set up in their answer. And on the 16th of May thereafter the proofs in the cause were closed, and notice of hearing was served for the June term of the vice chancellor. On the 6th of June, De Kay and wife filed their cross bill stating various claims against the estate of Henry Eckford, some in favor of De Kay in his own right, and some in right of his wife, and some against three of the complainants in the original suit, for rents belonging to Mrs. De Kay which they had improperly received and applied to the use of Eckford's estate; and also claiming a distributive share of that estate under the will of Mr. Eckford, and praying that those several debts and claims might be ascertained and offset against the mortgage of the complainants in the original suit. Upon this cross bill, and without showing any excuse whatever for their neglect to file the same before the issue was joined in the original suit, the complainants therein applied to the vice chancellor and obtained an order staying all proceedings in the original suit, until the defendants in the cross bill should have fully answered the cross bill.

*F. B. Cutting*, for the appellants.

*G. C. De Kay*, for the respondents.

THE CHANCELLOR. If the cross bill in this case showed a case of equitable set-off, which it was impossible for the defendants to avail themselves of by a proper answer in the original suit, they were not entitled to an order to stay the proceedings without showing some excuse for their neglect to file their cross bill before this suit was at issue. Here the defendants were served with the bill in the spring of 1842, and there is no pretence that any new fact has been discovered since that time rendering a cross bill necessary. And yet they have waited more than a year, and until the original suit was in readiness for hearing and had actually been reached in its regular order upon the calendar, before their cross bill is filed. The proper time for filing a cross bill, where such a bill is necessary, is at the time of putting in the answer. to the original bill and before the issue is joined by the filing of the replication. And as the matters of defence upon which a cross bill is founded must be stated in the answer to the original suit, as well as in the cross bill, it can seldom be necessary to delay the filing of the cross bill till after the original cause is at issue.

Again ; there appears to be no necessity for a cross bill in this case. For if the defendants had a legal right of set-off against the mortgage debt, all that was necessary for them to do, was to state such set-off in their answer to the original bill. Under the provisions of the revised statutes, in suits for the recovery or payment of money, set-offs are to be allowed in this court, in the same manner and with the like effect as in actions at law. (2 R. S. 174, § 40.) If the defendants, therefore, had any such legal set-off in this case as is contemplated by the provisions of the revised slatutes relative to set-offs in courts of law, all that was necessary for them was to state the nature and particulars thereof in their answer to the original bill, in analogy to a plea of set-off in an action at law, and to produce proof upon the hearing in support of such answer. (*Chapman* v. *Robinson*, 6 *Paige's Rep.* 627.) But no such set-off can be allowed in a foreclosure suit, under the provisions of the revised statutes, which could not be allowed, as a proper

subject of set-off, in an analogous case in a suit at law for the recovery of the mortgage debt. And where the defendant has not such a legal right of set-off, his cross bill must not only show the existence of a debt due from the complainants in the foreclosure suit, but also that they are insolvent; so that injustice would be done if such set-off was not allowed and the defendant was left to his remedy against them by a distinct and independent suit. Or the defendant must state some other ground of equity in his cross bill, which would have been sufficient to sustain an original bill in this court for a set-off.

1843.

Irving
v.
De Kay.

Neither of the claims mentioned in the cross bill appears to be a proper offset against this mortgage debt, under the provisions of the revised statutes. The claim of Mrs. De Kay against the executors, for the rents and profits alleged to have been received by Mr. Eckford in his lifetime, is a debt due from the estate, and not from the executors personally, in their character as executors. It is not, therefore, a legal offset against a debt in their favor created since the death of the testator; according to the decision of the supreme court in the case of *Fry* v. *Evans*, (8 *Wend. Rep.* 530.) And that decision is in accordance with the settled rule of law in England upon this subject.

The answer sets up an agreement, by the complainants in the foreclosure suit, to account for the rents of the Love Lane property received by them, at the rate of $900 a year, if the conveyance of August, 1826, should be declared to be an absolute deed of the premises. But the answer is not sworn to, and no proof has been produced to support that allegation. Nor do I find any such charge made in the cross bill, which is put in upon oath. The cross bill, therefore, contains nothing to show that the executors were authorized by De Kay and wife to receive the rents and profits of the property; and from aught that appears, whoever received such rents and profits received them without the consent of De Kay and wife. The remedy of the defendants, therefore, is by an action against the individual who received the money; and neither party has the right

1843.

Irving
v.
De Kay.

to have them offset against this mortgage debt; as has already been decided in this suit, upon the application to dissolve the injunction, in relation to other rents which were in the same situation.

The individual claim of De Kay against the estate of Eckford, for the $2500 placed in his hands in 1834, is also a claim against the estate of Eckford which could not be offset against this mortgage, even if the mortgage debt was due from De Kay individually, for the reasons before stated. And as he has failed in establishing that claim against the executors, in the suit at law brought for the recovery thereof, the claim cannot be urged as a subject of either legal or equitable set-off.

The only remaining claim of offset relates to what the complainants in the cross bill suppose Mrs. De Kay may be entitled to as her distributive share of the estate of her grandfather, under the will. This of course could not be the subject of a legal offset until her share of the estate should have been ascertained and decreed to be paid, either by this court or by the surrogate having jurisdiction to decree an account and distribution of the property. Such an account cannot be taken in this suit, to which the other parties entitled to distributive shares under the will are not parties. It is impossible, therefore, that such a claim, either as a legal or equitable offset, should be allowed in this court. Upon the merits of the case, then, if the delay in filing the cross bill was satisfactorily accounted for, or the same had been filed and this application made before the filing of the replication to the answer, the order to stay the proceedings until this cross bill was answered, would have been erroneous.

The order appealed from must therefore be reversed with costs, including the costs of the complainant in opposing the application before the vice chancellor; which costs are to be costs in the cause and to be taxed as a part of the general costs of this suit, if the complainants succeed in obtaining a decree for the foreclosure and sale of the mortgaged premises.