## Duty Smith *vs.* John M. Eddy, et als.

On a plea of set-off to an action on a promissory note, the defendant can-not recover a reasonable compensation for the part performance of a writ-ten contract to do certain work at a stipulated price, on such proof of a breach of said contract by the plaintiff as would excuse the defendant from its entire performance.

The true construction of the words " sum liquidated or for one which may be ascertained by calculation," contained in statute (Dig. of 1844, p. 128, sec. 6,) is to limit them to such judgments or contracts only as that the amount of the defendant's demand can be ascertained by the judgment or contract itself, or by mathematical calculations on the same.

This was an action of assumpsit on a promisory note, and was tried in the Court of Common Pleas at the June Term, 1850, before Staples, J. and came up upon excep-tions to the rulings of said Court.   The note was dated at Burrillville, May 10, 1847, and was for thirty dollars, payable on or before the first day of August following, with interest if not then paid ; interest to stop if house finished ; and signed by the defendants.   The defendants pleaded in off-set, a claim for work and labor done, and

produced a written contract between the plaintiff and defendants, by which, for a certain sum agreed to be paid to them by the plaintiff, the defendants agreed to do the carpenter's work in and about erecting a certain house for the plaintiff ; said house to be completed by the first day of August, 1847. The defendants offered evidence to show a breach of this contract on the part of the plaintiff, by reason of which, the defendants were excused from performing the contract and were entitled to recover for work done the value of the work, exclusive of damage against the plaintiff for breach of contract, and that the defendants were entitled to a certain sum for work and labor done. To the admission of this testimony, the plaintiff objected that it ought not to be permitted to pass to the jury under the defendants' plea of off-set, because before the jury could consider the question whether the defendants were entitled to anything, and if anything, to how much, they must determine the question whether there had been a breach of said written contract, and, if so, by which party ; which questions could not properly and legally be tried under the defendants' plea of off-set. But the Court having ruled the evidence in, the jury returned a verdict for the defendants for a balance of $84 55. The case now coming on to be heard upon the exceptions :

Browne, for the defendants, contended : That, at Common law, the matters which were pleaded in off-set might have been set up as payment—the note and the contract being between the same parties, and both relating to the house. *Wilby vs. Harris* (13 Mass. 496.) But under the statute of set-off, they may not only be set up in payment, but may entitle the defendants to a

balance.  *Locke vs. Smith* (10 Johns. 250.)  It is well settled that where a person agrees to do work in a certain manner and is prevented by his employer, he may recover the value of the services that have been performed.  If this is so, the damages may be pleaded in set-off.  *Austin vs. Feland* (8 Missouri, 309.)  *Kaskaskia Bridge Company vs. Shannon* (1 Gilman, 15.)  The terms " sum liquidated," in the statute, mean a sum which the jury may liquidate.  They must be construed with reference to the other provisions of the statute. Now it is expressly provided, that the defendant may plead in off-set in actions upon a quantum merwit or a quantum valebat, and yet in these actions, the damages would have to be determined by a jury.  It is the design of the statute that all matters of contract, whether express or implied, between the same parties, should be made the subject of set-off.

AMES & PAYNE, for the plaintiff.

The opinion of the Court was delivered by HAILE, J.

The defendants' plea of set-off in this case, and the ruling of the Justice of this Court, who presided in the Court of Common Pleas at the trial of this cause, as to the admissibility of the evidence offered by the defendants, presents for our consideration and determination, the question, whether in an action on a promissory note, the defendants have the right to plead, as set-off, their claim for a reasonable compensation for their services in part performance of their written contract to build a house for the plaintiff at a stipulated price, on such proof of a breach of said contract by the plaintiff, as would excuse the defendants from its entire performance.  The admissibility of the evidence offered by the defendants, at the trial, must depend on the legality of their plea.

And their right so to plead, must be determined by the legal construction of a clause in the sixth section of " an act prescribing the manner of proceedings in Court." (Rev. Stat. p. 128.)

By this clause it is provided, that " whenever any defendant shall have any demand on the plaintiff for any sum liquidated, or for one which may be ascertained by calculation, and which is founded on a judgment, or upon a contract, whether expressed or implied, and whether with or without seal, and which existed at the commencement of the action and belonged to the plaintiff in his own right, and for which he might maintain a suit in his own name, he may set-off the same in any action founded upon any demand which would itself be set-off."

A fair and reasonable construction of this clause in this statute must depend upon the interpretation and limitation given to the words, " any sum liquidated, or one which may be ascertained by calculation."

Now, we apprehend that it could not have been the intention of the Legislature, in plea of set-off under this clause in the statute, that the jury should try every possible issue which might be raised in such a plea, and to award damages on conflicting evidence, or in their discretion ; nor to exclude from the Court or jury the right to determine upon legal and competent evidence, whether such judgment had been rendered and was still in force ; or whether such contract had been made, performed or broken. For such a construction would on the one hand, let in the defendant to plead in set-off every legal and equitable claim which might on any evidence be ascertained by a jury or estimated in their discretion ; and would be giving no reasonable meaning and limitation to

the words, sum liquidated, or one which may be ascertained by calculation. And, on the other hand, to exclude from the Court or jury, the right to determine the legal existence of such judgment, or whether such contract had been made, performed or broken, would be evidently to defeat the intention of the statute, and to work injustice to the defendant.

We are therefore of opinion that the true construction of the words, sum liquidated, or for one which may be ascertained by calculation, is to apply and limit these words to such judgments or contracts only, as that the amount of the defendants' demand can be ascertained by the judgment or contract itself, or by mathematical calculation on the same.

As in the present case, if the defendants had performed their entire contract, the amount of their entire demand would have been determined by the contract itself, agreeably to the stipulations of the parties ; and, if an additional sum should be claimed, by way of interest for the plaintiff's neglect or refusal to pay, that sum could be ascertained from the contract by mathematical calculation.

But the defendants seek to recover, not by force of their contract and for performance of the same, but a reasonable sum for their services. This sum can be ascertained only by proof of such breach of the contract by the plaintiff, as would excuse the defendants from performing their part of the contract, and proof of the value of their services. Such evidence was not admissible to establish a claim to set-off by the defendants. The ruling therefore upon this point was erroneous. The exceptions are sustained, and the case is recommitted to the Court of Common Pleas for a new trial.