## Thomas McGraw and others v. Amos Pettibone and others.

A bill to have a set off allowed to a decree in equity, cannot be sustained where the demand sought to be set off would have constituted a defense in the former chancery suit, and where it is not alleged that the facts upon which the set off is claimed were then unknown.

Nor can it be sustained unless the party seeking to obtain the benefit of the set off is the real owner and has the control of the counter claim, so that the creditor who sues him is his debtor as to the claim offered in reduction.

A. obtained a judgment against a plank road company for labor and materials in the construction of its road. He afterwards assigned this judgment to B., who filed his bill in equity against certain of the stockholders to obtain satisfaction of it, and had decree in his favor. Before this decree, the plank road company obtained judgment against A. for damages resulting from a breach of the contract for building their road. The defendants in the chancery suit then filed their bill against A., B. and the plank road company, and also against C., who was a large stockholder in the company, alleging that C. was the real contractor for building their road, and owner of the judgment rendered in favor of A., and of the decree in favor of B., and praying that there be set off against the decree the judgment in favor of the plank road company, and certain payments which had been made by the company to A. after verdict but before judgment in his favor, and also the proportion which C. as stockholder should contribute towards the satisfaction of the judgment against the company.

Held, that the judgment in favor of the plank road company could not be set off, because not owned by complainants; and that the bill could not be sustained for a set off of the other two items, since the payments made would, to that extent, have constituted a defense in the former chancery suit, and if C. instead of B. was the real party in that suit, the amount he, as stockholder, should contribute, might also have been deducted in that suit.

*Heard May 20th and 21st. Decided November 11th.*

Appeal in Chancery from Oakland Circuit.

The facts which may be considered as proved, or admitted, in this cause, are as follows:

John N. Pettibone brought an action in the Circuit Court for Oakland county, against the Novi and White Lake Plank Road Company, upon a written contract with said company for the building by John N. of a portion of the road of said company; and in December, 1854, recovered a verdict against the company in that action. This verdict was submitted to the Supreme Court, upon questions reserved, and the decision of the Supreme Court having been rendered, judgment was, on the 29th day of

March, 1856, rendered against the company upon the verdict, for $3,350.52 and costs.

On the 23d of January, 1855, there was paid to John N. Pettibone, to apply upon this verdict, the sum of $310.84; and on the 5th of May, 1855, the further sum of $9.45. These payments were not credited upon the verdict when judgment was entered thereon, in March, 1856.

Execution was issued upon the judgment, and returned unsatisfied, and the judgment was then assigned by John N. to Amos Pettibone.

On the 15th of April, 1856, the plank road company commenced an action in the Circuit Court for Oakland county, against John N. Pettibone, to recover damages for breach of the above mentioned contract for building the said road, and on the first day of December, 1857, recovered judgment in said action against said John N. for $750 and costs.

Harmon Pettibone, who is the father of the defendant John N., and the brother of Amos, was, during all this time, the largest stockholder in said company.

On the 23d day of August, 1856, Amos Pettibone filed a bill in the Circuit Court for the county of Oakland in Chancery, against the present complainants, and one or two others, alleging the recovery by John N. of the judgment above mentioned, the issuing and return of execution thereon, that the defendants in that bill were stockholders in said company, and that the said judgment was, by John N. Pettibone, on the 24th day of July, 1856, for a valuable consideration, assigned to Amos Pettibone, the complainant. The defendants in that suit appeared, by their solicitors, and demurred to the bill; and the demurrer having been overruled, and the defendants having failed to answer, the bill was taken as confessed November 11th, 1857, and a final decree entered October 11th, 1858, reciting that the said judgment had been duly assigned to the complainant Amos Pettibone, and holding the defendants liable, as

stockholders, for the payment of the said judgment to said Amos Pettibone. Neither Amos nor his attorneys were shown to have had, until after this decree was taken, any knowledge of the two payments made as above mentioned, to John N.

The defendants in that cause appealed the same to the Supreme Court, and the decree was there affirmed on the 7th day of June, 1859, and the cause remitted to the Circuit Court, where executions were issued upon the decree.

The bill in this cause was then filed, making John N., Amos and Harmon Pettibone, and the plank road company, defendants, alleging that Harmon instead of John N. was the real contractor for building the road, and the real plaintiff in the judgment recovered in the name of John N.; that Harmon and John N. are now both insolvent; that the assignment of the judgment by John N. to Amos was without consideration, and for the purposes of fraud, and to prevent the application of the payments and offsets. And praying that the amount of the payments so made, the amount of the judgment against John N., and also the equitable proportion of the amount of the decree against complainants which the stock held by Harmon should pay, should be allowed and applied on said decree—the plank road company being willing and desirous that the application should be made.

Amos Pettibone answered—the other defendants suffered the bill to be taken as confessed. On the hearing in the Court below, on pleadings and proofs, decree was made for complainants as prayed, and Amos Pettibone appealed.

*M. L. Drake* and *M. E. Crofoot* for complainants:

A former decree to be a bar must be between the *same parties*, and involve the same subject matter. The plank road company, which held receipts for the payments, and had the right to apply them, was not a party to the

former suit, and that suit is therefore not a bar :—*Story Eq. Pl.* 791; 7 *Johns. Ch.* 1. And the question of fraud in the assignment of the contract by John N. to Amos Pettibone is now put in issue for the first time.

The insolvency of one of the parties is a ground for filing a bill in equity for a set-off: — 2 *Eq. Ca. Abr.* 10; 2 *Vern.* 117; 4 *Conn.* 302; 5 *Mason,* 202; 2 *Paige,* 581; 4 *Bibb,* 356. The power in the Court of Chancery over set-offs rests upon its general jurisdiction over its suitors: — 1 *Johns. Ch.* 91; 14 *Johns.* 65. It is based upon the natural equity of set - offs; and relief may be given in a case not within the statute of set offs: — 2 *Paige,* 581. The jurisdiction is concurrent with that of common law courts, and more extensive:—4 *Paige,* 647; 1 *Paige,* 622. In the exercise of this jurisdiction the Court can determine the equitable rights of an assignee in either of the claims sought to be set off:—2 *Edw. Ch.* 73. And it will adopt such practice as will enable it to determine fully the equity of the application for set off: — 3 *Edw. Ch.* 543.

One object of this bill is to obtain a contribution; an equitable contribution to be ordered by the Court before the matter passes beyond its jurisdiction; and the bill is maintainable for this purpose: — *Comp. L.* §§ 2161, 1918; *Pettibone v. McGraw,* 6 *Mich.* 441; *Story Eq. Juris.* §§ 490 *to* 505.

*Douglass & Andrews* for defendant Amos Pettibone:

1. The former decree is a bar to the relief asked in respect to the payments made on the judgment against the plank road company:—*Story Eq. Pl.* § 790: *Mitf. Eq. Pl.* 239; 2 *Dan. Ch. Pr.* 753, 1724; 1 *Barb. Ch. Pr.* 139. But even if it were not, complainants have been guilty of such laches as would itself bar the relief sought:— *Walk. Ch.* 17. Even a bill of review will not be sustained where there has been any negligence in allowing the entry of the decree complained of: — *Mitf. Eq. Pl.* 84; *Story*

MᴄGʀᴀᴡ *v.* Pᴇᴛᴛɪʙᴏɴᴇ.

*Eq. Pl.* §§ 414, 419; 2 *Johns. Ch.* 488; 3 *Johns. Ch.* 357; *Ibid.* 121; *Hopk.* 102.

2. The judgment against John N. Pettibone cannot be set off. It cannot be if Harmon equitably owns the judgment against the plank road company:—*Comp. L.* § 4180 *sub.* 7, 10. And the question of the ownership was necessary involved in the former suit in chancery, and lies at the very foundation of the decree in that cause.

3. The third equity claimed by the bill is, that the judgment in favor of John N. was recovered and held by him in trust for Harmon, and that the amount which Harmon, as a stockholder, is liable to contribute to the payment of the decree obtained by Amos, should be applied directly upon that decree as payment.

This position is inconsistent with the one previously taken, that the judgment against John N. should offset the decree, and we insist that the complainants must elect between the two. If the judgment against the plank road company, previous to its assignment to Amos, was equitably owned by Harmon, then there can be no reason for setting off against it a judgment against John N.; if the judgment was owned by John N., then a claim against Harmon cannot be set off against it.

If it were proved that John N. and Amos held the judgment in trust for Harmon, it could not avail the complainants, for at the time of the filing of this bill, neither the plank road company nor the complainants were creditors of Harmon, or in a position to question his assignments, or to call his trustees to account.

And, as before stated, the equitable ownership of the judgment against the plank road company was adjudicated in the 'former suit, and cannot now be questioned.

4. Whatever the equities of the complainants, they could have no relief in this suit. They have mistaken their remedy.

Relief can only be had against an improper or erroneous

decree, by petition for rehearing, or bill of review; except in the single case of a decree which has been obtained by fraud, which may be set aside by an original bill filed for that purpose, and expressly charging the fraud: — *Story Eq. Pl.* §§ 404, 643–45; 2 *Johns. Ch.* 205; 4 *Johns. Ch.* 199; 1 *Paige*, 268; 10 *Paige*, 243; 13 *Ves.* 564. This is not a bill of review: — *Story Eq. Pl.* §§ 403, 420. Neither is this a bill to set aside a decree for fraud. It does not pray that the former decree may be set aside. No fraud in taking the decree is proved, or charged, or suggested:—*Story Eq. Pl.* § 426.

CAMPBELL J.:

This is a bill filed to obtain a reduction of a judgment or decree obtained by Amos Pettibone against complainants, as stockholders in the Novi and White Lake Plank Road Company.

\* \* \* As the items which the bill seeks to apply, do not all rest upon the same foundation, they may be considered separately. Are then the complainants entitled to relief by having Harmon Pettibone's share deducted? This is claimed to be permitted for the reason that Harmon Pettibone is alleged to be the real owner of the decree. It is not claimed, however, that he has any other interest in it now than when it was rendered. His connection with the controversy is derived, if at all, from the original transactions attending the building of the road. If there is anything in that connection which can authorize the complainants to insist on his contribution in reduction of their own liability under the statute, it formed to that extent a complete defense in the former chancery suit. In that case, the very object of the suit was to determine their liability to respond as stockholders. Had Harmon Pettibone been the nominal plaintiff in that cause, they could not have been compelled to contribute without an allowance for his proportion. If the real plaintiff, the same

rule would apply. The ownership of the claim was a necessary issue, and it was open to them to show the truth concerning it. It is not claimed or shown that Harmon Pettibone's position was not as well known when that case was begun as it is now. The evidence as well as the allegations in the bill are all based on the original transactions, which were known to the parties in the outset. It would be doing violence to well settled and necessary rules of equity to permit a bill to be filed for relief on grounds of defense which ought to have been relied on in the former controversy. No excuse whatever is shown for the neglect. Complainants upon their own showing have no equity to claim this deduction in this way.

The payments made after verdict ought justly to have been applied before judgment was rendered on the verdict. Upon a summary application to the Court where it was rendered, they would unquestionably have been endorsed on the execution. In *Smith v. Weeks*, 26 *Barb.* 463, it was held that an action at law would lie in favor of the judgment debtor, to recover back such payments. We have no doubt they would have been admissible in the former chancery suit in reduction of the claim. But whether these complainants could under any circumstances file a bill to have them applied upon a judgment against the company, or against themselves, is a question not free from difficulty. No good reason, however, appears, why this defense was not set up before, as some of the complainants knew of the payments at the time, and all of them would have known the true state of the accounts by the exercise of ordinary diligence in preparing for their defense in the former action. We do not think they can resort now to a bill in equity for this relief, upon the facts as they appear before us.

The remaining item which is relied upon as a set-off, is the judgment for damages against John N. Pettibone. This judgment was rendered in favor of the plank road

company, more than a year after the former chancery suit was commenced. Without considering the fact that the chancery decree is in favor of Amos and not of John, and assuming John to be the owner of it, there is no ground upon which we have been able to base a decree of set-off. It has never been held that the fact that claims and counter-claims arise from the same transaction so attaches them as to make a right of set-off arise between them in all cases. Unless the one operates as a payment of the other, the right of reduction is not attached to the contract, and whether or not therefore a set-off can be allowed depends upon circumstances, and is merely an incident under those circumstances affecting the remedy. See as illustrating this principle, *Chapman v. Derby*, 2 *Vern.* 117; *Green v. Darling*, 5 *Mason*, 202; *Hackett v. Connett*, 2 *Edw. Ch.* 73; *Wolcott v. Sullivan*, 1 *Edw. Ch.* 399; *Rawson v. Samuel*, *Cr. & Ph.* 161; *Ramney v. Beale*, 10 *Price*, 113; *Pettat v. Ellis*, 9 *Ves.* 563.

It is a rule to which no case recognizes an exception —so far as we have been able to discover—that the party who seeks to obtain the benefit of a set-off, must be the real owner, and have the control of the counter-claim, so that his creditor who sues him is his debtor as to the claim offered in reduction : — 2 *Pars. on Cont.* 243. It is plain that the complainants have no claim to the judgment against John N. Pettibone, either at law or in equity. The parties to that judgment are not the same as the parties to the decree on which they seek to have it applied. The plank road company might have shown those damages in defense of the original action at law, but they preferred, and probably with reason, to obtain a separate judgment in their own favor. That judgment is corporate property and does not belong to complainants.

Although the case is somewhat barren of proof, we have come to our conclusions with some reluctance. But

the rules applicable to the case are clear, and based upon principles which cannot be disregarded.

The decree must be reversed, and the bill dismissed with costs.

MARTIN CH. J. and CHRISTIANCY J. concurred.

MANNING J. did not sit in the case, having been of counsel.