WILLIAM J. BELL & wife *vs*. CHARLES H. WARD & others.

Where a suit at law is brought upon a bond by one to whom it has been assigned, the defendant may plead as a set-off any matter within the statute of set-off, and the assignee is subject to it. If the plaintiff seek to enforce the bond by a suit in equity, the defendant has the same right to set off, and the court will administer the statute as it would be done at law.

A demand, to be the subject of set-off, must be liquidated, and the amount ascertained and settled, or ascertainable by calculation. A claim for services, and to have therefor so much as the party reasonably deserved to have or the services are reasonably worth, is not a claim of which a set-off can be allowed under the statute.

A bond executed in New York, where the rate of interest allowed by law is seven per cent. per annum, which provides for interest at that rate, is not void for usury because

the obligee took as cash in part consideration for the obligation, certain city bonds at par, which he afterwards sold for less than the face, when there is no evidence that the parties supposed at the time it would be necessary, or that it was in fact necessary afterwards, so to sell them.

BILL IN EQUITY to foreclose a mortgage executed by David P. Hall to Gerrit Smith, December 20, 1854, on land in Newport, Rhode Island, to secure the payment of $4,000 with interest at seven per centum per annum, in one year from date.

The facts of the case are stated in the opinion of the court.

*Sheffield*, for complainants.

*Payne & R. M. Hall*, of New York, for respondents.

BRAYTON, C. J. This bill is brought to foreclose a mortgage executed by David P. Hall to one Gerrit Smith, to secure the payment of a bond of Hall to said Smith for the sum of $4,000. The date of the bond and mortgage was December 5, 1854. Smith afterwards assigned the bond and mortgage to his sister Ann Smith, who thereafter married William G. Bell; and this bill was brought by Bell and wife against the said Hall in his lifetime, and others. Hall filed his answer to the bill, and testimony was taken, when he died, and the parties who succeeded to his interest were made parties defendant to the bill. The defence to the bill of foreclosure set up by Hall in his answer, and insisted upon by the present defendants, was, that the bond was usurious. The bond was executed in New York, where the parties resided, where the rate of interest allowed by law is seven per cent. The bond provides for interest at the rate of seven per cent. per annum, but the answer alleges that the rate actually reserved and agreed upon was greater than at the rate of seven per cent. ; and it was contended at the hearing that in addition to the seven per cent. reserved in the bond, it was further agreed, as part consideration of the loan, that Hall should perform for the obligee professional services from time to time, which he afterwards rendered, and that part of the loan was in certain bonds at the par, when the market value of said bonds was below the par, and were so sold by the said Hall.

Upon examination of the evidence in the cause, we are not satisfied that there was any agreement for services of Hall which entered into the consideration of this loan; neither are we satisfied, upon the evidence, that it was understood and agreed that

Hall was to receive less in value than the sum of $4,000, or that it was understood by the parties that the Jersey City bonds taken by him as cash were not worth, at the time they were delivered (they were taken at Hall's instance at par), the face of the bonds, and that Hall could not obtain· that amount for them without trouble. Though he did sell them for less than the face, there is no evidence that the parties supposed at the time it would be necessary, nor is it made clear that it was in fact necessary afterwards.

We do not think, therefore, this bond void for usury. In order to constitute usury by failing to obtain the full sum, it must be shown, not merely that the full sum was not received, but that it was understood at the time that it should not be given.

But secondly, the defendant Hall, an attorney and counsellor at law, set up in his answer, that after the making of the bond and mortgage, and before notice to him of any assignment, he rendered to plaintiff, upon his retainer, certain professional services to a large amount, of which he files an account; that he performed services for him between October 6, 1855, and March, 1856, in the suit of one Sidney Pulcifer, and in transactions with one Hiram Gilbert, and in the suit of one Albert G. Bagley against him, to the amount of at least one thousand dollars, which remain unpaid ; and that he earned three thousand dollars in legal services for said Smith since December 20, 1854, the date of the bond ; and he insists that he is entitled to have the amount of said services in the suits of Pulcifer and others before specified repaid to him by said Gerrit Smith, to the amount of three thousand dollars, and to have the sum deducted from and set off against said bond and mortgage, inasmuch as the defendant charges that said Gerrit Smith is the virtual owner thereof.

The plaintiff objects to the set-off claimed, because there can be no set-off against her, she being an assignee of the bond, and a set-off could only be where the suit is between the original parties to the bond.

The assignment of a chose in action is inoperative at law, and gives to the assignee no legal. title whatever to maintain a suit ; and any suit, to enforce it, must be in the name of the assignor, who still retains the legal ownership. In case of such assignment, where the suit must be in the name of the assignor, the

assignee, it is said, is usually, under statutes of set-off, subject to all such equities as existed between the original parties until the assignment and notice thereof to the debtor. 1 Lead. Cas. in Eq. 337.

It was held in *Irving, executor*, v. *De Kay & wife*, 10 Paige, 319, that in a suit for foreclosure, in taking the account the suit is to be treated as one upon the bond, being a suit to enforce payment of the bond, and that any set-off which could have been made against the obligee may be made against the assignee.

The assignee of a chose in action not assignable in law, by the settled rule, takes it subject to all the equities of the original owner. He takes no better title than the assignor, from whom he takes and holds as the assignor did. *Hackett* v. *Connett*, 2 Edw. Ch. 73. In this case, it was held that the defendant could make any defence he could have made at law, and no farther, and that a set-off was one of those defences at law.

Equity follows the law in relation to set-off, as it does in other matters. So that whenever a debt can be set off at law, it may be in equity under the same circumstances ; and if it could be set off against the legal owner, the assignee, so it may be in equity, if the matter be brought into chancery. There are equitable set-offs beyond this ; and the vice-chancellor, in *Whyte* v. *O'Brien*, 1 Sim. & S. 551, says an equitable set-off is, where by reason of the nature of the cross-demand there can be no set-off at law, and in such case an equity beyond the mere existence of the debt must be shown, to induce a court of equity to act. Where it may be set off at law, further equity would not seem to be required, and nothing remains but to follow the law. And it was also said that in all the cases upon this subject, the equity of the bill impeached the title of the other party.

In *Rawson* v. *Samuel*, 1 Craig & P. 161, the lord chancellor said (p. 178) : " We speak familiarly of equitable set-off, as distinguished from the set-off at law ; but it will be found that this equitable set-off exists in cases where the party seeking the benefit of it can show some equitable ground for being protected against his adversary's demand. The mere existence of cross-demands is not sufficient." In the case before us it did not appear at the hearing that there was any understanding or agreement that these services were to be paid for by any set-off against

this bond, or that they were rendered upon the credit of the bond, so as to raise an equity attaching to the bond itself, and there is no ground to claim that the set-off here is an equitable one which could not be made at law.

It is claimed here, and can be claimed, only because it is a legal one, and might be made in a suit at law between the same parties, provided the plaintiff were suing at law.

In *Kane* v. *Bloodgood*, 7 Johns. Ch. 90, it is said that a statute which affects a remedy cognizable at law will also affect it if it be cognizable in equity, and will be applied in either jurisdiction. The chancellor is speaking of statutes of limitations, but he is applying general principles, — statute as applied to remedies.

In *Cavendish* v. *Greaves*, 24 Beav. 163, the facts were that a customer hired of a banker £5,000, and for security gave him a mortgage. There arose afterwards on his banking account a balance in his favor. The banker assigned the bond to another firm who succeeded to the business. The successor assigned the bond to a stranger who sought to enforce the mortgage. It was held that if a bond be given to A. and it be assigned by him to B. without notice to the original obligor, the right would remain to the obligor at law, and he might set off the debt, since, as the master of the rolls said, the assignee of a chose in action will be bound by the equities affecting the original obligor, and because the obligee in the bond and the debtor would be the same persons, and if notice of the assignment had been given, no right of set-off would remain for any balance accrued after such notice, because the obligor then knew that the assignee would be a different person from the debtor to him in the original account, and that this right of set-off would remain in equity if the matter of account were brought into a court of equity. The assignee would be bound until notice of the assignment.

In *Clark et al.* v. *Cort*, 1 Cr. & Ph. 154, it was held that when there are cross-demands between two parties, of such a nature as that if both were recoverable at law a set-off would be allowed, then, if either demand is brought into equity, a set-off will be enforced.

As applied to this case the principle announced is, that if suit had been brought upon the bond at law, the defendant might have pleaded a set-off of any matter within the statute of set-off,

Bell *v.* Ward.

and the assignee is subject to it. But if the plaintiff seek to enforce the bond by a suit in equity, the defendant has precisely the same right to set off, and the court will administer the statute as it would be done at law, and the right continues until notice to the debtor that the debt is assigned to another.

To be the subject of set-off at law, the statute requires that the demand proposed to be set off should be liquidated, the amount of the demand ascertained and settled, or ascertainable by calculation, and without the necessity of other proof than of the liability. A claim for damages, therefore, is excluded, for in addition to proof of the injury evidence must be given of the amount of that injury.

A claim for services, and to have therefor so much as the party reasonably deserved to have, or to have so much as the services are reasonably worth, requires not merely evidence that the services were rendered, which would not determine their value, or enable a jury to determine by calculation what that value was, but evidence must be gone into and a new and further inquiry as to what they were worth.

A set-off of such a claim could not be allowed under the statute. But this is the demand here set up by the defendant, unliquidated, and not ascertainable by calculation.

*Decree for foreclosure.*