# PROVIDENCE COUNTY.

## ANSON M. BARR *vs.* CLARK WALLING.

B. executed and delivered to W. a warranty deed. W. was afterward sued in trespass, and alleged that B. agreed to defray the expenses of defending the suit, and that under this agreement an expenditure of $55 was made B. subsequently sued W. in *assumpsit*, and W. pleaded in set-off his expenditure of $55. The evidence as to the counter claim was contradictory, and the judge directed the jury not to consider it as a valid set-off.

*Held*, error, and that the claim made in set-off should have been submitted to the jury to determine whether W. incurred the expense for himself or as the agent of B.

EXCEPTIONS to the Court of Common Pleas.

This action was *assumpsit* brought in the Justice Court of the town of Scituate and carried by the defendant's appeal to the Court of Common Pleas. The defendant pleaded in set-off a counter claim of $55, for that heretofore "said Barr by deed of warranty conveyed certain real estate to this defendant, and afterwards one William R. Page brought a suit in trespass against said defendant, whereupon in consideration that said defendant would defend the title to said estate, he the said plaintiff," *i. e.* Barr, "agreed to pay the expenses, and this defendant avers he did defend said title and did expend the sum of $55 in defending the same, of all which said plaintiff had notice; yet though often requested he has never paid the same to the defendant, but refuses so to do."

The evidence relative to this counter claim was contradictory.

The presiding judge directed the jury to " lay the defendant's claim in set-off entirely out of the case, as the plaintiff was not obliged to defend the Page suit, and the covenants in his deed of warranty to the defendant were not in any way affected by the Page suit, and any agreement made by Barr the plaintiff with Walling the defendant to defend Page's suit was entirely without consideration and void." To this direction the defendant excepted.

The defendant requested the presiding judge to instruct the jury as follows: " If the jury find that the plaintiff in this case gave the defendant a warranty deed, and that afterwards one

William R. Page sued this defendant in trespass, and that afterwards this plaintiff agreed with and employed this defendant to employ counsel to defend that suit, and that he this plaintiff would pay the expenses, and that the expenses so incurred by this defendant were larger than this plaintiff's claim sued on, then this defendant is entitled to a verdict for the difference." This instruction was refused and the defendant excepted.

*October* 18, 1878. PER CURIAM. We think the exceptions ought to be sustained. Admitting that the plaintiff had no pecuniary interest in defending the action of trespass brought by Page against the defendant, and was under no obligation to take the defence of it upon itself, it does not follow that it was not competent for him to do so with the defendant's consent. If he had done so directly, and had employed the lawyer and incurred the other expenses, without the intervention of the defendant, there can be no question that an action would lie against him in behalf of the lawyer and for such expenses. Why, then, will not an action lie in favor of the defendant who, according to his testimony, was employed by the plaintiff to employ and pay for the lawyer and incur the other expense, and has done so, relying upon the plaintiff's promise to reimburse him?

We see no reason why not. The fact that the defendant derives a benefit from the expenditure is no reason: for the defendent had a right to forego any such benefit, and says he intended to do so but for the promise or undertaking of the plaintiff. The true question was whether he did in reality make the expenditure for the plaintiff or for himself. And this was a question of fact which ought to have been submitted to the jury.

*Exceptions sustained and new trial granted.*

*Charles H. Page,* for plaintiff.
*Slocum & Allen,* for defendant.