CARMINE IMBRIGLIO *vs.* MARIA GAZZERO.

JUNE 23, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Set-off.*

The statute in regard to set-off should be liberally construed and the fact that some evidence is required to establish the amount of the claim should not preclude a party from the right of set-off.

(2) *Set-off. Claims ascertainable by Calculation.*

Where the claim in set-off is for goods sold and delivered, work and labor done or for pecuniary claims, when the jury can by the introduction of evidence, be furnished with the basis on which to assess the damages, although such claims are unliquidated they should be allowed in set-off and may fairly be held to be claims which "may be ascertained by calculation" under Gen. Laws, 1909, cap. 288, § 11.

(3) *Set-off.*

A plea in set-off for the fair value of room rent and house rent is allowable.

ASSUMPSIT.   Heard on exceptions of defendant and sustained.

STEARNS, J.   This is an action brought originally in the District Court on book account with the common counts annexed, to recover on a promissory note of which defendant was maker and plaintiff payee.   The defendant pleaded the general issue and also a plea in set-off against plaintiff's claim for thirteen weeks' room rent in 1914 at five dollars per week and twenty months' house rent in 1915–1916, at eight dollars per month.   The case was heard in the District Court, decision therein was given to the plaintiff and the claim of defendant in set-off was allowed in part.   On plaintiff's claim for jury trial the case was tried in the

Superior Court. At this trial the defendant admitted liability on the note. In proof of her plea of set-off defendant, having failed to prove an express agreement as to the amount to be paid for the room and house rent, attempted to establish her set-off by evidence of the reasonable value thereof. On objection of the plaintiff the trial court ruled that defendant's claim was not a proper subject of set-off and a verdict was directed for the plaintiff for the full amount of the note with interest. The case is in this court on defendant's bill of exceptions.

The question is, was defendant's claim a proper subject of set-off? The trial court apparently felt constrained to make the ruling objected to on the authority of *Bell* v. *Ward*, 10 R. I. 503.

The provisions in regard to set-off are found in Sections 10–13 inc., Chapter 288, General Laws.

In *Gorman* v. *Keough*, 22 R. I. 47, a history of the development of the statute of set-off is given and it was held that the remedy was not restricted to the forms of action enumerated in Section 10, but that Section 11 was an extension of the remedy. The objection in the case at bar is based not on the form of the action but on the ground that defendant's claim is not included in Section 11, which provides: "If any defendant shall have a demand on the plaintiff for any sum liquidated, or for one which may be ascertained by calculation, and which is founded on a judgment, or on an account, or on any contract whether express or implied, and whether with or without seal, and which existed at the time of the commencement of the action and then belonged to the defendant in his own right and for which he might maintain a suit in his own name, he may set off the same in any action founded on any demand which could itself be set off." The claim is not a liquidated demand. Is it a demand which "may be ascertained by calculation" within the meaning of the statute? The decisions on this provision, which is found in substance in the statutes of many different jurisdictions, are both conflicting

and confusing. As the right to set-off did not exist at common law but is purely statutory, one reason for the variance of judicial interpretation of the statutes is found in the fact that in some jurisdictions the statute is held to be in derogation of the common law and hence is to be strictly construed, whereas in other jurisdictions the statute is considered to be remedial in its nature and consequently is to be construed liberally. Without attempting to cite the numerous decisions on the subject, we think the latter view is supported both by reason and a constantly increasing weight of authority. It is desirable in order to prevent congestion in the business of the courts and to save both time and expense to the litigants that the litigation between parties be settled in so far as is practicable in one action. The object of the statute is to avoid unnecessary litigation and the right of set-off is particularly valuable and necessary in cases where the litigants are poor and the amount involved is small.

In the case at bar the only issue was that presented by the plea in set-off. The parties were in court, the amount involved was small, the issues were simple, the form of action and the pleadings were correct. In the circumstances to deny to the defendant the right of set-off would, in our judgment, be yielding to the letter of the law at the expense of the spirit. The statute should be liberally construed and the fact that some evidence is required to establish the amount of the claim should not preclude a party from the right of set-off. Damages which arise from breach of contract are not proper subjects of set-off. *Cole et al.* v. *Shanahan*, 24 R. I. 427 and cases cited therein. Nor are damages arising from torts or in cases where the amount of damages is to be determined in the discretion of the jury subject to set-off. But in actions included in the statute, when the claim in set-off is for goods sold and delivered, work and labor done, or for pecuniary claims, when the jury can by the introduction of evidence be furnished with the basis on which to assess the damages, we think that

although such claims are unliquidated, nevertheless they should properly be allowed in set-off and may fairly be held to be claims which may be ascertained by calculation. As the adversary party always has the right to bring an independent action, we can conceive of cases in which the trial justice might properly refuse to allow the claim of set-off to be tried in the original suit and require that the claim be tried in a separate action; as, for instance, when the set-off would introduce too great a complication in issues for a jury or when injustice would result.

That the practice in this State has not been uniform is apparent from a consideration of the decisions. The strict rule of construction of the statute enunciated in *Smith* v. *Eddy*, 1 R. I. 476 (1851) was followed in *Bell* v. *Ward*, 10 R. I. 503 (1873), but this latter decision must be considered with reference to the decision in *Greene* v. *Harris*, 10 R. I. 382 (1873), in which the broad rule of construction was followed as likewise appears to have been the case in *Barr* v. *Walling*, 12 R. I. 214 (1878).

In *Cole et al.* v. *Shanahan, supra,* decided in 1902, the court reviews and comments on various decisions made under the statute of set-off. The court at page 430 says: "To say generally, however, that a set-off cannot be based upon a *quantum meruit* or *quantum valebat* practically eliminates from the statute the provision, in regard to an implied contract, in the sentence: 'Or on any contract express or implied.' The ordering of goods, or the employment of one to work without stipulating the wages, are typical contracts implied in fact. See *Bouv.* Law Dict. tit. Contract. But the provision relating to contracts is modified by the previous requirement of the statute that it must be 'ascertainable by calculation.' In *Bell* v. *Ward*, therefore, as in all cases, the opinion must be taken as applicable to the case before the court, which was a case where the value of the services could only be ascertained by estimate and opinion. Contracts implied in law generally arise upon a liquidated claim; but they are quite rare in practice, and to

confine the statute to such cases would give it a very limited scope. The ordinary cases of set-off are those of an account for work, or goods, under a contract implied in fact, where the sum due is ascertained upon the basis of fair and ordinary market prices. It has been the uniform practice of the court, and so far as we are aware without objection, to allow bills of this sort in set-off, and we do not construe these opinions as prohibiting them. We have no doubt they were intended to be allowed by the statute. There is very little difficulty in ascertaining the amount due on such bills, while for professional services there might be a wide divergence of opinion."

From the above citation it is clear that in practice the statute had at that time received a liberal construction, and the construction was approved by the court. Although the statement of the law above quoted was not strictly necessary in the decision of the precise question then before the court, it undoubtedly expressed the existing state of the law, and has been followed in practice since that time. *Bell* v. *Ward,* is thus qualified if not overruled by the later case.

(3) We are of the opinion in the case at bar that the defendant's plea in set-off should have been considered by the trial court, and that the action of the trial justice in refusing to allow consideration of the same was erroneous. There would be little difficulty in determining the fair value of the room and house rent by the testimony of witnesses familiar with prices prevailing in the locality for such accommodations. We see no difference in principle from the ordinary case where work or goods are to be paid for at their fair value.

The exception of the defendant is sustained and the case is remitted to the Superior Court for a new trial.

*Murphy, Hagan & Geary,* for plaintiff. *John F. Murphy,* of counsel.

*Quinn & Kernan,* for defendant.