# Gafford *v.* Proskauer & Co.

*Set-off.*

1. *Unliquidated damages can not be set off against a certain debt, in equity.* Against a clear and certain debt, a court of equity will not set off damages which are strictly unliquidated.

2. *A set-off, available at law, may be used in equity against a mortgagee.* When the mortgagee seeks a foreclosure in equity, the mortgagor may set off any debt or demand against the mortgagee, which would be the proper subject of set-off, if the mortgagee were suing at law for the mortgage debt.

3. *Damages sustained by disobedience of instructions in the sale of cotton are recoverable.*—Damages which the mortgagor has sustained by the mortgagee's violation of instructions to postpone the sale of his cotton, are under our statute a proper subject of set-off; and the measure of damages is the difference between the sum realized on the unauthorized sale, and the sum which would have been realized if the instructions had been obeyed.

4. *The mere right of set-off will not authorize a resort to equity.*—A mortgagor can not resort to equity for relief against the mortgagee, or mortgage debt, merely on the ground that he has a demand against the mortgagee which may be a proper subject of set-off.

5. *An agreement may be void for uncertainty.*—An agreement for the advancement of money which contains no specified sum, or any facts from which the sum may be ascertained, is void for uncertainty.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. HURIOSCO AUSTILL.

The facts are stated in the opinion.

HERBERT & BUELL, and WATTS & SONS, for .appellant. 1. The bill had equity in it. The object of the bill was to enjoin the defendants from foreclosing a mortgage alleged to have been paid and discharged.—37 Ala. 354; 14 Ala. 476. The damages resulting from a breach of contract may be ascertained in a court of equity. The mortgage and the contract were made on the same day, and·the different papers and verbal agreement constitute part and parcel of a single contract.—1 Brick. Dig. p. 639, § 5. For wherever two or more papers are executed on the same day, and refer to each other, they are regarded as the same transaction both in law and equity.

[Gafford v. Proskauer & Co.]

2. These accounts were between merchant and merchant, and were complicated; there were various credits and debts on each side. The court having obtained jurisdiction on any one of several grounds will proceed to do complete justice between the parties. If the amount paid by Gafford on the mortgage debt, coupled with the damages to which he was entitled from the mortgagee satisfied the mortgage debt, it would be oppressive and unjust to permit the mortgagee to proceed and sell the land under the mortgage.

WHITEHEAD & LANE, and ANDERSON & BOND, for appellees.—1. The prime object of the bill is recovery of damages for a breach of contract. The injunction is merely secondary to this. Damages are recoverable at law only except when they are incidental to a suit in equity.—28 Ala. 163; 2 Story Eq. 794; 25 Maine Rep. 531. The court of equity will not entertain a suit for damages when they constitute the sole object of the bill, and there is a perfect remedy at law.—8 Ala. 748; 13 Ves. 131; 2 Cox, 209; 7 Cranch, 69. In *Harrison v. Duramus*, 33 Ala., precisely the same question is presented.

2. There is nothing peculiarly equitable in the character of this set-off. There is no allegation of the insolvency or inability of Proskauer to respond at law for any damages sustained. This is a case, from its nature the chancellor can not determine. It is, in a most peculiar manner outside of his jurisdiction.—33 Ala. 446, and cases cited. The construction of the statute of set-off is the same in equity as at law. 9 Ala. 301. And even in case of insolvency the mere fact alone of mutual debts would not sustain the jurisdiction. Waterman on Set-off, § 368, *et seq.*; 2 Story Eq. §§ 1435-6 and 7.

3. The negligent or unlawful conduct of an agent in another and distinct matter can not be allowed as a set-off at at law against an action on a note or bill of exchange.—19 Miss. 125; 15 Miss. 424; 16 Miss. 494; 1 Taunt. 137; 42 Maine, 192; 2 Miles, 399; Waterman on Set-off, §§ 298-9.

4. Evidence shows Proskauer made advances of money on the faith of the cotton, and had a right to sell. Gafford had no right to revoke the authority to sell, without at least making good the advances.—14 Pet. 479; 2 Pet. 40; 12 N. H. 239; 3 Comst. 78.

BRICKELL, C. J.—The bill substantially alleges, that the appellee is proceeding to execute a power of sale, con-

tained in a mortgage executed to him by the appellant. The execution of the power it is alleged is inequitable, because the appellant, for damages resulting from a breach of an agreement, by which the appellee was to advance the appellant moneys to carry on his mercantile business, and to purchase cotton during the cotton season of 1873 and 1874; and was liable also for damages, for making sales contrary to instructions, of cotton shipped him for sale; and these damages, it is averred, exceed the amount of the mortgage debt. On final hearing, the temporary injunction was dissolved, and the bill dismissed.

We concur with the chancellor, that the bill is without equity. If we assume, that it is shown by the evidence, that the appellee agreed to advance the appellant moneys to carry on his mercantile business, and to buy cotton, during the cotton season of 1873–4, it would be difficult to ascertain any consideration for the agreement, or its extent, or how far the parties intended that it should extend, with any degree of certainty. It was not agreed that any particular sum should be advanced, nor are there facts stated, from which the sum may be ascertained. Agreements are sometimes so indefinite and uncertain, as to be wholly void. Thus, in the case of *Erwin & Williams v. Erwin*, 25 Ala. 236, an agreement that in consideration, of plaintiffs purchasing of the defendants, a store-house, and a stock of dry goods, the defendant would assist them, by indorsing their paper, and advancing them money to carry on the business, was held void. And in *Adams v. Adams*, 26 Ala. 272, a promise by a father on valuable consideration, that he would give a daughter, " a full share of his property, which was then and there worth twenty-five thousand dollars," was declared void for uncertainty. The agreement now insisted on, if made, falls within the principle of these authorities.

Independent of this consideration, the damages resulting from its breach, are unliquidated. There is no legal standard by which they can be measured accurately and ascertained. A court of equity will not set-off against a clear and certain debt, damages which are strictly unliquidated, springing out of transactions not connected with the debt.—*Livingston v. Livingston*, 4 Johns. Ch. 293; *Pulliam v. Owen*, 25 Ala. 492; *Jennings v. Webster*, 8 Paige, 502; *Jordan v. Jordan* 12 Geo. 77.

A mortgagor may, if the mortgagee is seeking a foreclosure in equity, set-off any debt, or demand, he may hold against the mortgagee, which would be the proper subject of set-off,.

[Morningstar v. Wiggins & McMillan.]

if the mortgagee was suing at law for the recovery of the mortgage debt.—*Chapman v. Robertson*, 6 Paige, 627; *Irving v. DeKay*, 10 Paige, 319. But if it becomes necessary for the mortgagor, to resort to equity for relief upon the ground, that he has a proper set-off, against the mortgagee, or the mortgage debt, he must show some other fact, than the mere existence of a demand which is the proper subject of set-off. *T. C. & D. R. R. Co. v. Rhodes*, 8 Ala. 206; *Cave v. Webb*, 22 Ala. 583. The damages the complainant may have sustained from the defendant's violation of his instructions to postpone the sale of his cotton, under our statute are the subject of set-off. The difference between the sum realized on the unauthorized sale, and the sum which would have been realized, if the instructions had been obeyed, is the measure of damage. No ground of equitable relief in respect to this demand is shown. The remedy at law is adequate, the party liable is solvent, and there has been no agreement that it should be discounted from the mortgage-debt.

The suggestion that the law would apply these set-offs to the payment of the mortgage debt, can not be supported. There is a very broad distinction between a payment, and a set-off, and distinct demands are never in the absence of an agreement between the parties applied as payments of each other.—*Green v. Storm*, 3 Sandf. Ch. 305.

The decree of the chancellor is affirmed.