# Knight v. Drane.

*Bill in Equity by Mortgagor, to enjoin Sale under Mortgage, and to establish Equitable Set-off.*

1. *Set-off in equity against mortgage debt.*—When the mortgagee files a bill to foreclose, the mortgagor may set up any defense, except the statute of limitations, which would be available at law in an action on the debt; and hence he may, in extinguishment or reduction of the mortgage debt, set off any other debt or demand which would be available at law; but, when the bill is filed by the mortgagor himself, seeking to enjoin a sale of the property under a power in the mortgage, he must show some other ground for equitable interference, before he can establish as a set-off an independant debt or demand, for which he has an adequate remedy at law.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 20th June, 1884, by C. W. Knight, against W. W. Drane, as the administrator of the estate of Mrs. Mary A. Harrell, deceased; and sought to enjoin a sale of certain lands, under a power contained in a mortgage, and to establish a set-off against the mortgage debt. The mortgage, a copy of which was made an exhibit to the bill, was dated September 8th, 1883, and conveyed an undivided one-sixth interest in a large tract of land; and it was given to secure the payment of two notes executed by the complainant, for $500 each, of even date with the mortgage, in part payment of the price at which he had become the purchaser at a sale made by the defendant as administrator. The sale was made under an order and decree of the Probate Court, was reported to that court by the administrator, and duly confirmed; one half of the purchase-money having been paid in cash, pursuant to the terms of the order of sale. The tract of land had belonged to Jesse B. Knight, deceased, who was the father of Mrs. Harrell and of the complainant, and who died in September, 1868. Letters of administration on the estate of Jesse B. Knight were duly granted, soon after his death, to the complainant in this suit; and in January, 1879, said administrator sold said lands under an order of the Probate Court. At that sale, the six children and heirs, including C. W. Knight and Mrs. Harrell, became the purchasers, at the price of $10,809; one third of which amount was paid in cash, and for the balance ($7,206) they executed their joint note, payable to said C. W. Knight as admin-

istrator, a copy of which was made an exhibit to the bill. In January, 1880, the complainant made a final settlement of his administration on the estate of said Jesse B. Knight; and on that settlement, a decree was rendered in his favor against Mrs. Harrell, for $194.69. Mrs. Harrell died in September, 1882, and letters of administration on her estate were granted to the defendant more than eighteen months before the bill was filed. The bill alleged, that Mrs. Harrell was indebted to the complainant, on account of the unpaid balance for her proportionate share of said joint note, in the sum of $221.73, and also for the amount of said decree against her; that he had presented these claims, duly verified by affidavit, to the defendant as administrator, within eighteen months after the grant of his letters of administration, and had asked an allowance of them as credits on the mortgage debt, tendering and offering to pay the balance; that the defendant refused the offer and tender, and had advertised the lands for sale under the mortgage; that Mrs. Harrell's estate was "amply solvent," and that more than eighteen months had elapsed since the grant of administration to the defendant; and the complainant offered in his bill, if his said tender was in any wise informal or insufficient, to pay into court whatever sum might be justly due on said mortgage, after deducting the amount due on said two claims held by him against Mrs. Harrell's estate. On these facts, as alleged in the bill, and shown by the exhibits, the complainant prayed an injunction of the sale under the power in the mortgage, an account of the mortgage debt, a cancellation of the mortgage, and general relief.

The chancellor dismissed the bill, on motion and on demurrer, for want of equity; and his decree is now assigned as error.

GAMBLE & RICHARDSON, for the appellant.—The bill contains equity, as a bill to redeem after default, alleging a tender and refusal, and offering to pay whatever may be found due. *Davis v. Hubbard*, 38 Ala. 185; *Smith v. Quartz Mining Co.*, 14 Cal. 242; 1 Jones on Mortgages, §§ 673–4; 2 *Ib.* §§ 886, 888, 892. This relief may be granted under the general prayer, though there may be no technical prayer for a redemption; and any amendable defects in the bill are to be regarded as amended, on motion to dismiss for want of equity.—*Nelson v. Dunn*, 15 Ala. 501; *Railroad Co. v. Kenney*, 39 Ala. 307; *Jones v. Ewing*, 56 Ala. 362. As to the sufficiency of the tender, see 2 Jones on Mortgages, § 894; *McGuire v. Van Pelt*, 56 Ala. 350; *Rogers v. Torbut*, 58 Ala. 525; 18 Johns. 580. Taking jurisdiction of the case as a bill to redeem, the court will go on and do complete justice by allowing the complainant's set-off against

[Knight v. Drane.]

the mortgage debt, although it might not entertain the bill if filed for that purpose alone.—*Stow v. Bozeman*, 29 Ala. 397; *Scruggs v. Driver*, 31 Ala. 274; *Stewart v. Stewart*, 31 Ala. 207; *Ware v. Russell*, 70 Ala. 74. That the complainant's demands are a proper set-off, see *Brazier v. Fortune*, 10 Ala. 516; 2 Jones on Mortgages, §§ 1496–97; 26 Ala. 326; 2 Ala. 343. The bill contains equity, also, to prevent a mutiplicity of suits, and to restrain the mortgagee from making an oppressive use of his mortgage.—*Struve v. Childs*, 63 Ala. 473.

BRAGG & COOK, *contra*, cited 7 Wait's Actions & Defenses, 504, § 22; 2 Brick. Digest, 431, § 131; *Gayle v. Randle*, 1 Stew. 529; *Rapier v. Holland*, Minor, 176.

CLOPTON, J.—We concur with the chancellor, that the bill is without equity. The right of the mortgagor to set off the mortgage debt by a debt or demand due him by the mortgagee, in equity, depends, in some cases, on which party resorts to equity. When the mortgagee brings a bill in equity for the foreclosure of the mortgage, the mortgagor may set up any defense, other than the statute of limitations, which would avail in an action at law on the debt, and hence may, in reduction or extinguishment of the mortgage debt, set off any debt or demand that would be available at law. It is, however, well settled, that when it becomes necessary for the mortgagor to resort to equity, to obtain the benefit of a set-off, he must allege and show some other ground of equitable interposition, than the mere existence of a legal demand, which is the proper subject of set-off under the statute.—*Gafford v. Proskauer*, 59 Ala. 264.

The proceeding by the mortgagee, to foreclose under the power of sale, rendered it necessary for the mortgagor to resort to equity to obtain the allowance of the set-off. The demands which he proposes to set off are purely legal, and the estate of Mrs. Harrell is shown to be amply solvent. The bill does not allege the insolvency of the administrator or his sureties, or any agreement that the demands should be applied in abatement of the mortgage debt, or any facts showing that his remedy at law is, in any respect, complicated, embarrassed, or inadequate; and without an agreement, or some equitable ground, the law does not apply the set-off in payment of the mortgage debt. The tender to the mortgagee, having been declined by him, is insufficient; and the allegation of great damage is unsupported by any facts. The bill fails to show any ground of equitable relief.

Affirmed.