(95 South. 344)

### HOWE et al. v. ROBERTS. (6 Div. 787.)

(Supreme Court of Alabama.   Feb. 1, 1923.)

**1. Corporations ⊙═133—Suit in equity proper remedy for compelling transfer of stock.**

A suit in equity is the surest, most complete, and most just remedy for compelling a corporation to register a transfer of stock, and to adjust various conflicting rights of other parties.

**2. Corporations ⊙═113 — Purchaser of shares of corporation of limited membership held to have right to shares, but not to full voting power.**

Under Code 1907, § 3446, making it necessary that a certificate of incorporation, which must be signed by all subscribers to capital stock named therein and, under § 3448, recorded in the office of the probate judge, shall set forth the amount of the total authorized capital stock, and section 3480, prescribing the method by which capital stock may be increased or diminished, and section 3470, making shares or interest in the stock of a corporation personal property, where the issue of a certificate for shares bought by a purchaser of stock, not an original subscriber, would raise the amount of his stock to more than the number of shares that one stockholder could own, the purchaser was entitled to a certificate for the stock bought by him, but was limited in voting to the number of shares that the charter limited him.

**3. Corporations ⊙═197—No rule of public policy forbids restriction of voting power of stock.**

No rule of public policy forbids a corporation to place restrictions on the voting power of stock.

**4. Property ⊙═7—Power to dispose of property an incident of right of ownership.**

One of the incidents as of common right to the ownership of property is the power to dispose of it at pleasure.

**5. Corporations ⊙═113—Power to deny transferability of corporate shares, unless expressly given by Legislature, does not exist.**

Unless the power to deny the transferability of corporate shares is expressly given by the Legislature, it does not exist, and clauses affecting this right are generally given effect only to control voting power.

**6. Corporations ⊙═110 — Cross-complaint for cancellation of shares in extent of limit cannot be maintained without offer to restore bona fide purchaser to prior status.**

In a suit by a purchaser of stock in a corporation to compel registering the transfer of shares, a cross-complaint by the corporation to cancel shares held by complainant, on the ground that the number outstanding exceeded the limit that one stockholder could own, in absence of a showing that the complainant was not a bona fide purchaser, cannot be heard, without an offer to restore the purchaser to his status prior to the purchase.

**7. Corporations ⊙═133—Decree against set-off unrelated to demand of complainant held proper.**

In a suit by a purchaser of stock against a corporation to compel registry of the transfer, a set-off by the corporation, for a money decree on account of transactions wholly unrelated to the controversy about the stock, was properly denied.

**8. Equity ⊙═195—Cross-bills are allowed to adjust all equities connected with the subject-matter of the original bill.**

Cross-bills are allowed when necessary to do complete justice between the parties, and to adjust all the equities between them connected with the subject-matter of the original bill, or when some special equity exists, to secure the benefit of a set-off.

**9. Mandamus ⊙═127 — Mandamus is remedy to secure election of officers.**

Mandamus is the proper remedy to secure an election of officers of a corporation.

Appeal from Circuit Court, Marion County; J. J. Curtis, Judge.

Bill by V. A. Roberts against Frank Howe and others. Decree for complainant, and respondents appeal. Reversed and remanded.

Ray & Cooner, of Jasper, and C. E. Mitchell, of Hamilton, for appellants.

Respondents should have had relief as to the debt due by complainant to the corporation; the court having taken jurisdiction should have retained the bill for all purposes. 112 Ala. 631, 20 South. 922; 103 Ala. 614, 15 South. 897; 86 Ala. 233, 5 South. 433; 195 Ala. 500, 70 South. 715; 78 Ala. 124, 56 Am. Rep. 24; 202 Ala. 394, 80 South. 476. The corporation had the right to limit the number of shares of stock any member might hold. 76 Ala. 567; 75 Ala. 248; 69 Ala. 456; 10 Cyc. 350. The stock issued in excess of the amount allowed by the charter is absolutely void. 105 U. S. 143, 26 L. Ed. 968; 10 Cyc. 444; 7 R. C. L. 278; 85 Ala. 565, 5 South. 317, 2 L. R. A. 836; 7 Am. St. Rep. 73; 99 Pa. 344, 44 Am. Rep. 112.

A. F. Fite, of Jasper, and E. B. & K. V. Fite, of Hamilton, for appellee.

A bill may be maintained by a bona fide purchaser of stock against a corporation to

---

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

compel the transfer of stock upon the corporate books, or to issue a certificate for stock to which he is entitled. 97 Ala. 404, 11 South. 883; Cook on Stock & Stockholders, § 579. Any restriction on a stockholder to dispose of his shares must be construed strictly, and any attempt to restrain a transfer of shares is regarded as being in restraint of trade. 14 C. J. 665.

SAYRE, J. [1] Suit in equity is the surest, most complete, and most just remedy for compelling a corporation to register a transfer of stock, and for adjusting the various conflicting rights or claims of other parties. It is a remedy applicable to almost all cases arising under a refusal of the corporation to allow a registry of transfer. Birmingham Nat. Bank v. Roden, 97 Ala. 404, 11 South. 883; Howard v. Corey, 126 Ala. 283, 28 South. 682; 2 Cook, Corp. (6th Ed.) § 391. Appealing to the above-stated principle of law, complainant, appellee, filed his bill in this cause against Union Warehouse & Storage Company, commonly known as Farmers' Union Warehouse Company, a domestic corporation, and its directors and other officers, to compel defendants to issue to him a certificate evidencing his ownership of 235 shares of the capital stock of the corporation, and, further, averring that there has been no meeting of stockholders for many years, to require defendant directors to call a meeting of stockholders for the purpose of electing a board of directors and the transaction of such other business as may properly come before a meeting of stockholders.

It was objected to complainant's claim of right in respect of ownership of stock that the charter of the corporation limited the ownership of any one stockholder to 25 shares, and the corporation's total stock issue to 400 shares, and that the stock certificate demanded by complainant would offend against both these provisions of the charter. By their answer and cross-bill defendants sought to require payment by complainant of a sum averred to be due to the corporation. The trial court dismissed the cross-bill, ordered a certificate to issue to complainant for the number of shares claimed by him, required the directors to call a meeting of stockholders within 30 days, that such meeting proceed to elect officers of the corporation, and that complainant be allowed to cast his vote for 235 shares of stock.

[2, 3] The statute, section 3446 of the Code of 1907, requires that the certificate of incorporation, which must be signed by all the subscribers to capital stock named therein and must be filed and recorded in the office of the probate judge (Code, § 3448), shall set forth the amount of the total authorized capital stock—these being necessary steps in the process of incorporation—and section 3480 prescribes the method by which capital

stock may be increased or diminished. The limitation on the ownership of individual stockholders governs the corporation in the management of its internal affairs. Shares or interest in the stock of corporations are personal property. Code, § 3470. There is no rule of public policy forbidding a corporation to place restrictions on the voting power of stock. 2 Cook, § 6226. There may be good reasons why a majority of the voting power of a corporation should not be concentrated in a single ownership. But shares of stock are transferable as other personal property, and the courts have jealously guarded facilities for the transfer of title, and all unreasonable attempts to restrain the right to pass title have been declared void as against public policy. 1 Cook, § 331.

[4, 5] One of the incidents as of common right to the ownership of property is the power to dispose of it at pleasure. The Legislature may grant corporate power to deny the transferability of corporate shares; but, unless it is expressly given, it does not exist; and the courts construe clauses affecting this right with a view to the particular purpose for which they are inserted—generally to control voting power—and give them effect to that extent only. Chouteau Spring Co. v. Harris, 20 Mo. 382. It results, we think, that the limitation as to individual ownership is given proper effect when we hold that complainant, who was not an original subscriber, but acquired his stock by transfer from divers owners for valuable considerations, is entitled to his certificate for 235 shares, but will have the right to vote only 25 of them in meetings of the stockholders.

[6] As for defendants' contention that the total stock issue of the defendant corporation is in excess of the charter limitation of 400 shares, that the excess is represented in the shares claimed by complainant, and that the excess should be canceled, after due consideration of the evidence we have concluded that, probably, the outstanding shares of the corporation are somewhat, as much as 10 or 12 shares perhaps, in excess of the limit imposed by the charter. This limitation upon its capital stock is, by virtue of the statute, a part of the constitution of the corporation. Let it be conceded that these excess shares are among those now held by complainant—though the records of the corporation have been so loosely kept as to make it impossible to determine the identity of those shares which should be consigned to the axe, there having been reissues from time to time—and that it is the duty of the cross-complainant corporation to provide for the recall or cancellation of these shares; still, for aught appearing, complainant was a bona fide purchaser from a previous holder, the corporation was at fault in issuing them, and, if the overissued stock in the hands of complainant can be identified, is responsible

to complainant in damages. 1 Cook, § 293. It follows that the corporation should not be heard to have complainant's stock declared void in whole or in part, as its cross-bill prays, without an offer to restore complainant to his status prior to his purchase.

[7, 8] In the decree of the trial court, defendant corporation was denied relief on its prayer for a judgment against complainant for money due from complainant on account of transactions wholly unrelated to the controversy between the parties as to the ownership of stock. Complainant does not seek the collection of any money demanded against defendant, does not ask the declaration or payment of any dividend. Cross-bills are allowed when necessary to do complete justice between the parties and to adjust all the equities between them connected with the subject-matter of the original bill. Davis v. Cook, 65 Ala. 617. Or, when some special equity exists, to secure the benefit of a set-off. Gafford v. Proskauer, 59 Ala. 264; Knight v. Drane, 77 Ala. 371. The court correctly decreed that there was no ground of set-off or other equitable necessity for a money decree against complainant.

[9] The court has undertaken in its decree to command the president of the board of directors of the defendant corporation to proceed within 30 days to call a meeting of the stockholders for the election of officers. If an election of officers is due—as to which we are not required to express an opinion at this time—mandamus seems to be the remedy. 2 Cook, § 603.

In some respects the decree in this cause is not in accord with the opinions herein expressed. The decree will therefore be reversed and remanded, for further proceedings in accord herewith.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.