THOMPSON v. MENEFEE.   (2 Div. 835.)

(Supreme Court of Alabama.   April 24, 1924.)

1. Mortgages ☞455—Averment of readiness, willingness, and ability to perform contract held sufficient.

Averment of cross-respondent's readiness, willingness, and ability to perform contract alleged in cross-bill offering to set off damages from complainant's breach thereof against mortgage debt sought to be collected by foreclosure held sufficient.

2. Mortgages ☞415(3)—Mortgagor or successor may, in foreclosure suit, set off against mortgage debt any debt due him from complainant, if damages are capable of pecuniary measurement.

In suit by mortgagee, his assignee or transferee, to foreclose mortgage against mortgagor or owner of land or part thereof under him, respondent may maintain cross-bill to set off against mortgage debt any debt, liquidated or not, between him and complainant at commencement of suit, whether ex contractu or ex delicto (Code 1907, § 5858), if damages are capable of pecuniary measurement, as in case of damages for breach of contract to convey lands in consideration of satisfaction of judgment for respondent in another case, release of claims, etc., though contract is not germane to mortgage contract and cross-bill fails to allege that complainant is nonresident or insolvent or that respondent will suffer irreparable injury if set-off is not allowed.

3. Mortgages ☞455—Parties claiming interest in land subject of mortgage foreclosure held properly joined in cross-bill to set off damages for breach of another contract.

Parties claiming interest in land embraced in mortgage sought to be foreclosed held properly joined as parties in respondent's cross-bill to set off damages for complainant's breach of another contract, though they were not parties thereto and had no interest in damages sustained.

4. Subrogation ☞28—Right of purchaser assuming part of mortgage debt to subrogation on making certain payments held defeated by failure to pay entire debt.

Vendee, assuming payment of part of debt secured by mortgage on tract, including that sold, held not subrogated to rights of mortgagee's assignee against other purchasers likewise assuming portions of mortgage debt because of his payment of taxes on all land and entire interest on whole principal for certain years; entire mortgage debt not having been paid.

5. Subrogation ☞28—Conditions of enforcement stated.

Subrogation will not be enforced unless whole debt is paid and rights of creditor are not prejudiced.

6. Appeal and error ☞1175(7)—Decree overruling demurrer improperly sustained below entered by Supreme Court.

Where demurrer to cross-bill was improperly sustained, decree overruling it will be entered by Supreme Court.

7. Appeal and error ☞242(3)—Demurrers not ruled on not reviewable.

In absence of rulings on demurrers to parts of cross-bill, they cannot be reviewed.

Appeal from Circuit Court, Marengo County; John McKinley, Judge.

Bill in equity by W. A. Menefee against B. Aden Thompson and others to foreclose a mortgage. From a decree sustaining demur-

rer to his cross-bill, respondent Thompson appeals. Reversed, rendered, and remanded.

I. I. Canterbury, of Linden, for appellant.

There is equity in the cross-bill. McGehee v. Hill, 4 Port. 170, 29 Am. Dec. 277; Smith v. Lewis, 24 Conn. 624, 63 Am. Dec. 180; 6 R. C. L. § 328; Winfield Lbr. Co. v. Partridge, 202 Ala. 437, 80 South. 821. The defense of misjoinder of parties is personal. Norwood v. M. & C., 72 Ala. 563; Bolling v. Vandiver, 91 Ala. 375, 8 South. 290. The mortgagor may set off any debt or demand which would be proper in a suit at law. Martin v. Mohr, 56 Ala. 521; Hawley v. Bibb, 69 Ala. 52; Arnold's Case, 84 Ala. 169, 4 South. 359, 5 Am. St. Rep. 354; Dowdall v. King, 97 Ala. 637, 12 South. 405; Hooper v. Armstrong, 69 Ala. 343. Cross-bills are allowed when necessary to do complete justice. Gafford v. Proskauer, 59 Ala. 264; Knight v. Drane, 77 Ala. 371; Howe v. Roberts, 209 Ala. 80, 95 South. 344; Story's Eq. Pl. § 398b; Tutwiler v. Dunlap, 71 Ala. 132; Winn v. Dillard, 60 Ala. 369; Ashe-Carson Co. v. Bonifay, 147 Ala. 376, 41 South. 816.

Henry McDaniel, of Demopolis, and J. F. Thompson, of Birmingham, for appellee.

The subject-matter and purpose of a cross-bill must be germane to the original bill. Continental L. I. Co. v. Webb, 54 Ala. 688; Whitfield v. Riddle, 78 Ala. 99; O'Neill v. Perryman, 102 Ala. 522, 14 South. 898; Meyer v. Calera Land Co., 133 Ala. 554, 31 South. 938; Burke v. Burke, 208 Ala. 502, 94 South. 513; Tribble v. Wood, 186 Ala. 329, 65 South. 73; Davis v. Cook, 65 Ala. 617; Nelson v. Dunn, 15 Ala. 501; Tate v. Evans, 54 Ala. 16. Where the relief sought in a cross-bill could be had on an answer to the original bill properly framed, then the cross-bill is without equity and should not be entertained. Taunton & Brooks v. McInnish, 46 Ala. 619.

MILLER, J. This is a bill in equity to foreclose a mortgage executed April 20, 1919, by A. Burpo Menefee and wife to the John Hancock Mutual Life Insurance Company, a body corporate, on real estate in Marengo county, Ala., aggregating 1,777.58 acres, to secure a loan of $35,000. The bill was filed by W. A. Menefee, father of A. Burpo Menefee, against B. Aden Thompson, individually and as trustee, Mattie J. Selby, W. S. Little, and Y. K. Lewis, as trustee in bankruptcy of the estate of W. S. Little, a bankrupt.

The bill alleges before the maturity of the mortgage debt, the mortgage and the debt secured by it were transferred to complainant, W. A. Menefee, for valuable consideration; and that default has been made in the payment of the interest on the principal and the taxes on the property by which the power of sale became operative; and he has elected to so declare it, which is permitted by the mortgage. It appears from the bill that the mortgagor owns no interest in the real estate; since the execution of the mortgage he has sold and conveyed different parts of the property to different persons in part consideration of their assuming and agreeing to pay a part of this mortgage debt.

The mortgagor and his wife on October 23, 1918, sold and conveyed a part of the land in the mortgage, which is particularly described in the bill, to B. F. Pool, and Pool in accepting the conveyance assumed payment of the principal sum of $21,000 of the mortgage debt. Pool afterwards sold and conveyed the same land to defendant B. Aden Thompson, trustee, and Thompson assumed the payment of the principal sum of $21,000 of the mortgage debt. The mortgagor and his wife on October 26, 1918, sold and conveyed a part of the land in this mortgage to W. J. Cathey; and Cathey assumed and agreed to pay $7,000 of the principal sum of the mortgage debt; and afterwards Cathey sold and conveyed this same land to the defendant Mattie J. Selby, and she assumed and agreed to pay the $7,000 of the principal sum of the mortgage debt. On October 28, 1918, the mortgagor and his wife sold and conveyed a part of the land described in the mortgage to Roth-Kirtland Realty Company, and they assumed and agreed to pay $7,000 of the principal sum secured by the mortgage; and afterwards the Roth-Kirtland Realty Company sold and conveyed this same land to W. S. Little; and he assumed and agreed to pay $7,000 of the principal of this mortgage debt. W. S. Little was adjudicated a bankrupt, and Y. K. Lewis, as trustee of his estate in bankruptcy, is made party to the cause.

The complainant, owner of the mortgage and the debt secured by it, states in the bill that he ratifies the agreement made by the different purchasers of the property in the mortgage with the mortgagor, by which they assumed and agreed to pay only a certain part of the mortgage debt; and requests the court to sell separately the different tracts of land purchased by them respectively to pay the respective amounts of the mortgage debt assumed by each respectively.

There were decrees pro confesso on personal service against the defendants Mattie J. Selby, W. S. Little, and Y. K. Lewis, as trustee of the estate of W. S. Little, a bankrupt.

The defendant B. Aden Thompson, individually and as trustee, demurred to the bill; it was overruled by the court. This defendant Thompson afterwards answered the bill, in which he admits that he as an individual and as trustee is one and the same person; he admits Pool purchased the land from the mortgagor and that he purchased it from Pool as the bill alleges, but denies that he or Pool agreed or assumed $21,000 of the principal sum secured by the mortgage. He files his answer in the nature of a cross-bill. The complainant demurred to it, and it was sus-

tained by the court: from which decree the cross-respondent B. Aden Thompson appeals, and it is the error assigned.

In Whitfield v. Riddle, 78 Ala. 99, Chief Justice Stone, in writing for the court, stated:

"A cross-bill is in, its nature defensive. It must relate to, and be connected with the subject of the original bill, and can bring in no new matter entirely foreign to it, except, perhaps, in cases of set-off against an insolvent complainant."

In Howe v. Roberts, 209 Ala. 80, 95 South. 346, this court wrote:

"Cross-bills are allowed when necessary to do complete justice between the parties and to adjust all the equities between them connected with the subject-matter of the original bill. Davis v. Cook, 65 Ala. 617. Or, when some special equity exists, to secure the benefit of a set-off. Gafford v. Proskauer, 59 Ala. 264; Knight v. Drane, 77 Ala. 371."

In Davis v. Cook, 65 Ala. 623, this court in discussing this subject quoted with approval the following:

"'A cross-bill must be confined to the subject-matter of the bill. An entire departure from it is not admissible. If a bill is filed for a certain purpose, the defendant to the bill cannot, by any cross-bill, bring into litigation in that suit all causes of action which he may have against the complainant, unless there exist some special circumstances, such as insolvency, nonresidence, etc., which would render it necessary in order to avoid irreparable injury. Thus, if a bill be filed for specific execution of a contract for land, the defendant cannot, by way of cross-bill, bring into litigation a fraud practiced on him by the complainant in swapping horses, or a debt due by the complainant, unless connected with the contract concerning the land, sought to be enforced. The cross-bill must relate exclusively to the subject-matter of the bill and things connected therewith, and foreign matter cannot be introduced, unless under special circumstances.' This is what we understand is implied in the phrase 'subject-matter of the bill.' See, also, Tate v. Evans, 54 Ala. 16."

The cross-respondent Thompson, by his cross-bill, sets up a written agreement, made and entered into by him with complainant, A. Burpo Menefee, New Orleans Cattle Loan Company, and B. F. Pool. He avers it has been breached by the complainant, and alleges he was damaged thereby and seeks to set off with this damage the $21,000 mortgage debt of the insurance company, assumed by him on his property in their mortgage, which debt is now owned by the complainant and which the original bill seeks to foreclose on his land. The said land sold by the mortgagor, A. Burpo Menefee, to Pool and afterwards sold by Pool to cross-respondent Thompson, is known as the Alfalfa Meadows Plantation. It is mentioned only incidentally in this way in that agreement:

"Said W. A. Menefee hereby agrees that B. Aden Thompson or the plantation known as Alfalfa Meadows, shall only be responsible for the principal sum of twenty-one thousand ($21,-000) dollars of the mortgage on said plantation in favor of John Hancock Mutual Life Insurance Company, and that upon the payment of said sum, together with the interest thereon, according to the terms of said mortgage, the said mortgage shall be released so far as said Alfalfa Meadows Plantation is concerned, and he will cause or procure the same to be done by the lawful holder of said mortgage. That if the said interest on twenty-one thousand dollars ($21,000) is paid according to the terms of said mortgage, then said mortgage shall continue until the date of its maturity."

There is no averment that this part of the agreement has been breached by the complainant.

The cause of action presented by the bill of complaint is based on a contract for borrowed money, $35,000, secured by mortgage on real estate. It was given by A. Burpo Menefee and wife to John Hancock Mutual Life Insurance Company, a corporation, dated April 20, 1918. The mortgage was duly transferred to the complainant. The bill seeks to foreclose the mortgage, to sell the land in it in order to pay the debt secured by it. The cause of action presented by the cross-bill is based on a written contract, dated March 1, 1922, executed by the parties hereinbefore mentioned. It avers the contract has been breached by the complainant, that cross-respondent Thompson was damaged thereby, and offers to set off the $21,000 due complainant by him under the mortgage contract in the original bill with the damages claimed to be due cross-respondent by the complainant for the alleged breaches by him of the contract of March 1, 1922.

[1] This contract shows and the cross-bill avers this agreement of March 1, 1922, was entered into between the parties to settle and compromise various suits between them arising out of sale of cattle by A. Burpo Menefee to Pool, and which were sold by Pool to Thompson, and on which the New Orleans Cattle Company held a mortgage; also, a suit by A. Burpo Menefee to rescind the sale of the land by him to Pool, which Pool sold to Thompson; and various other matters in controversy between the parties. In the contract the complainant and A. Burpo Menefee agreed to convey some lots in Nashville, Tenn., to cross-respondent Thompson, which they failed to do according to contract; and they failed to convey to him lots known as Belmont Heights as they agreed to do in the contract; and that W. A. Menefee agreed to convey to him by quitclaim 240 acres, particularly described, in Marengo county, Ala., which he failed to do, according to the contract. The cross-bill alleges the contract of March 1, 1922, was thus breached by W. A. Menefee, the complainant; it avers cross-respondent Thompson was injured and dam-

aged thereby, and he seeks to set off the same against the mortgage debt of $21,000, which complainant is seeking to collect by foreclosure. The cross-respondent Thompson avers his readiness, willingness, and ability to perform his part of the contract of March 1, 1922.

This averment was sufficient under the contract between the parties. The performance by Thompson was conditional on the performance by Menefee of the contract in his properly executing and delivering the deeds mentioned in section 1 of the contract to Thompson or his attorney. Section 2 of the contract reads as follows, in part:

"That upon the proper execution and delivery of the deeds referred to in the paragraph preceding next, to the said B. Aden Thompson, or to his attorney of record, Hon. I. I. Canterbury, the said B. Aden Thompson and B. Aden Thompson, as trustee, agrees to satisfy the judgment rendered in favor of the defendant as to property and damages in the circuit court of Marengo county, Ala., in the case of New Orleans Cattle Company v. B. Aden Thompson and B. Aden Thompson, as trustee, and that said B. Aden Thompson and B. Aden Thompson, as trustee, hereby released and discharged any or all claim or claims for damages, or any right of action he may have upon the detinue or forthcoming bonds, or either of them in said cause." Lysle Milling Co. v. North, Ala. Gro. Co., 201 Ala. 222, 77 South. 748; Moss v. King, 186 Ala. 475, 65 South. 180; Coley v. English, 209 Ala. 688, 96 South. 909; McGehee v. Hill, 4 Port. 170, 29 Am. Dec. 277; Ala. Tailoring Co. v. Judkins, 205 Ala. 601, headnote 7, 88 South. 865.

[2] The mortgage contract presented by complainant in the original bill, on which he seeks relief, is separate, distinct, and different from the contract presented by the cross-bill on which the cross-respondent claims damages for its breach. The cause of action presented in the bill of complaint by W. A. Menefee is different from the cause of action presented in the cross-bill by respondent Thompson. They are each based on separate contracts, made at different times; and the contract presented by the cross-bill is not connected with the contract presented by the bill of complaint.

The contract alleged to have been breached in the cross-bill is not germane to the cause presented by the mortgage contract in the original bill; and it is not related to and connected with this mortgage contract. The appellee insists the damages claimed for the alleged breaches of the contract of March 1, 1922, cannot be set off by the cross-bill against the mortgage debt, amounting to $21,-000, sought to be collected by foreclosure of the mortgage in the original bill, because this set-off is based on a separate, distinct, and different contract from the one in the original bill, and is not related to or connected with it; and the cross-bill fails to allege that the complainant, W. A. Menefee, is a non-resident of the state of Alabama, or that W. A. Menefee is insolvent, or facts showing cross-respondent Thompson will suffer irreparable injury if his set-off is not allowed in the cross-bill. This appears to be the general rule applicable to cross-bills in equity, and it is supported by the foregoing and the following authorities: Tate v. Evans, 54 Ala. 16; Burk v. Burk, 208 Ala. 502, 94 South. 513; Tribble v. Wood, 186 Ala. 329–332, 65 South. 73; Howe v. Roberts, 209 Ala. 80, headnote 8, 95 South. 344; O'Neill v. Perryman, 102 Ala. 522, 528, 14 South. 898; Continental Life Ins. Co. v. Webb, 54 Ala. 694.

But a different rule applies in this state when the original bill is filed by a mortgagee to foreclose a mortgage against the mortgagor; then the mortgagor may set up by cross-bill any defense, except the statute of limitations, "which would avail in an action at law on the debt, and hence may, in reduction or extinguishment of the mortgage debt, set off any debt or demand that would be available at law." Knight v. Drane, 77 Ala. 373.

The rule is stated thus in Gafford v. Proskauer, 59 Ala. 266:

"A mortgagor may, if the mortgagee is seeking a foreclosure in equity, set off any debt, or demand, he may hold against the mortgagee, which would be the proper subject of set-off, if the mortgagee was suing at law for the recovery of the mortgage debt."

In Conner v. Smith, 88 Ala. 309, 7 South. 153, Justice McClellan wrote for the court on this subject as follows:

"And any demand which a mortgagor might set off against the secured debt, in a suit at law for its recovery, he may set off against the debt when it is sought to be enforced in equity by a bill to foreclose the mortgage. Gafford v. Proskauer, 59 Ala. 264; Knight v. Drane, 77 Ala. 371. And a set-off may be relied on by the assignee of the equity of redemption, to reduce the charge on his land, although no personal judgment can be had against him. Wiltsie Mort. Fore. pp. 452, 453, § 378. And it is no objection to a claim pleaded as a set-off that the mortgagor, or owner of the equity of redemption, acquired it after the law day. It may be availed of, if acquired at any time before steps are taken on account of the default of payment, according to the terms of the instrument. Martin v. Mohr, 56 Ala. 221."

In this cause the complainant, W. A. Menefee, is assignee of the mortgagee, and cross-respondent Thompson is owner of part of the land by purchase from a vendee of the mortgagor, subject to the $21,000 principal and interest of the mortgage debt, under agreement which is approved by the complainant. The foregoing principle and rule as to set-offs, which are applicable to suits filed by a mortgagee to foreclose a mortgage against the mortgagor, apply to the parties when the complainant is the assignee or transferee of the mortgagee and files a bill to foreclose the mortgage, and the defendant or cross-

respondent is the owner of the land or a part of it under the mortgagor. The cross-respondent, holding the land under the mortgagor, may maintain cross-bill and set-off therein against the secured debt of complainant for any debt, liquidated or unliquidated, subsisting between him and the transferee of the mortgagee, the complainant, at the commencement of the suit, whether it arose ex contractu or ex delicto between them. Section 5858, Code 1907. "Damages capable of being measured by a pecuniary standard may be the subject of set off at law," under section 5858, Code 1907. Conner v. Smith, 88 Ala. 309, 7 South. 150. The damages for the alleged breaches of the contract claimed by the cross-respondent are capable of being measured by a pecuniary standard; and they may be subject to set-off in equity as the cross-bill seeks, against the secured debt, in reduction or extinguishment thereof, to the amount assumed by the cross-respondent Thompson on his property in the mortgage. Authorities supra.

[3] The complainant and Mattie J. Selby, W. S. Little, W. J. Cathey, and Roth-Kirtland Realty Company, a corporation, are made parties defendant to the cross-bill. Are W. J. Cathey and Roth-Kirtland Realty Company necessary or proper parties to the cross-bill? The complainant claims they are improper parties to the cross-bill; and the question is raised by demurrer. They are not parties to the contract alleged therein to have been breached. They have no interest in the damages alleged to have been sustained by the breach of the contract. They have no interest in the set-off sought by the damages against the $21,000 mortgage debt due complainant by the cross-respondent Thompson; but paragraph 12 of the cross-bill reads as follows:

"And respondent Thompson further avers that W. J. Cathey, who resides at Nashville, Tenn., and Roth-Kirtland Realty Company, a corporation having its place of business in Nashville, Tenn., claims some interest in the lands embraced in said John Hancock Mutual Life Insurance Company mortgage which belong respectively to the said Mattie J. Selby and W. S. Little; that is to say, W. J. Cathey claims some interest in those lands sold to Mattie J. Selby and Roth-Kirtland Realty Company claim some interest in and to the W. S. Little land."

If they own some interest in this land in the mortgage, as alleged, then they are not improperly joined as parties.

[4] The cross-bill alleges that cross-respondent Thompson to prevent the foreclosure of the mortgage, and to prevent the power of sale therein from becoming operative, did pay the entire tax on all the land in the mortgage for the years 1919, 1920, and 1921, and did pay the entire interest on the entire principal [$35,000] secured by the mortgage to complainant for the years 1919, 1920, and 1921. He avers he was liable for only three-fifths of the amounts, and Mattie J. Selby was liable for and should have paid one-fifth of the amounts, and that W. S. Little or Lewis, as his trustee in bankruptcy, was liable for and should have paid one-fifth of the amounts. The cross-respondent Thompson seeks to recover $250 from Mattie J. Selby and $250 from W. S. Little by being "subrogated to the rights of the said W. A. Menefee in their respective tracts of land" in the mortgage being foreclosed; the said amounts having been paid as taxes and interest for them as aforesaid by him.

[5] The averments of the cross-bill do not entitle cross-respondent to subrogation for the amounts alleged to have been paid by him. It affirmatively appears he paid only a part of the mortgage debt, assumed by Selby and Little, respectively, and for which the land therein of each was liable; and the entire mortgage debt has not been paid. The rule and the reason for the rule in regard to subrogation was stated in Atherton v. Tesch, 202 Ala. 448, 80 South. 832. "Before subrogation can be enforced the whole debt must be paid, and, further, that subrogation will not be enforced if the rights of a creditor are to be in the least prejudiced thereby." Cross v. Bank of Ensley, 205 Ala. 274, 87 South. 843. The cross-bill alleges no facts entitling the cross-respondent to subrogation.

[6, 7] The complainant demurred to the cross-bill; it was sustained by the court, and it should have been overruled. A decree to that effect will be entered here. The complainant demurred to parts of the cross-bill; we find no ruling thereon by the court, so we cannot review these demurrers.

The decree is reversed; a decree will be entered here overruling the demurrers to the cross-bill, and the cause will be remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.