(102 So. 609)

COBERN v. COBERN. (5 Div. 896.)

(Supreme Court of Alabama. Dec. 4, 1924. Rehearing Denied Jan. 22, 1925.)

1. Mortgages ⬅369(5)—Amendment of bill to quiet title alleging invalidity of foreclosure sale and purchase by defendant mortgagee held timely election to disaffirm foreclosure sale.

Amendment of a bill to quiet title, under Code 1907, §§ 5443, 5444, alleging that foreclosure of mortgage and purchase of property by defendant mortgagee, as alleged in the answer, was void held a timely election by complainant to disaffirm the foreclosure sale and to redeem, where made within two years after the sale.

2. Mortgages ⬅369(8)—State of account between mortgagor and mortgagee held for court.

In a suit in equity by mortgagor to set aside sale to mortgagee and for accounting and redemption, in which the mortgagor sought to set off claims or debts due him and the defendant mortgagee asserted unsecured claims other than mortgage, the state of the account between the parties was a question of fact for the court.

Appeal from Circuit Court, Chilton County; Geo. F. Smoot, Judge.

Bill in equity by G. W. Cobern against C. J. Cobern. From the decree, complainant appeals. Affirmed.

Gipson & Booth, of Prattville, for appellant.

Counsel argue for error in the decree in not allowing complainant credit for expense incurred in the care of the afflicted brother, and cite 25 C. J. 172; Code 1907, §§ 1614–1617; Code 1923, § 2803; Dunlap v. Robinson, 28 Ala. 106; Thompson v. Menefee, 211 Ala. 168, 100 So. 107.

T. A. Curry, of Clanton, for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This is a bill in equity filed by G. W. Cobern against his brother, C. J. Cobern. As originally filed, it was a bill under the statutes (sections 5443, 5444, Code 1907) to settle and quiet the title to certain lands of complainant described therein. The defendant answered it, in which he averred that he owned a valid mortgage on the land given by complainant to him to secure a principal debt of $1,000, with the interest thereon, which was due and unpaid. After filing the answer, the defendant foreclosed the mortgage under the power of sale therein, and he became the purchaser at the sale of the property for the sum of $1,946.75. The complainant afterwards amended the bill, set up the foreclosure of the mortgage, the purchase of the property by the defendant, the mortgagee, and averred it was a void sale and purchase, and so treated it, because the mortgagee had no right or authority in the mortgage to become the purchaser at the foreclosure sale; and complainant further amended the bill asking for an accounting and redemption, and averring that complainant had an account against defendant for a large sum, to wit, more than $1,300, which had been furnished by him to the defendant or to his brother, A. S. Cobern, at defendant's request, which he claimed as a set-off to the mortgage debt, and offered to pay the balance due, if any, under the mortgage.

The answer admits the foreclosure of the mortgage, the purchase of the property at the sale by defendant, the mortgagee, and avers the sum bid was the amount due and unpaid under the mortgage, including the interest and costs of the sale. The averments of the amended bill as to the accounting and amount due complainant by defendant were put in issue by the answer.

The court on the hearing, on pleading and proof, held the defendant, the mortgagee, had no right to purchase the property at the foreclosure sale, and it was voidable at the election of the complainant, which was seasonably expressed; that complainant has a right to redeem the land under the mortgage upon payment of the debt, with interest secured by it; and ordered a reference to ascertain the amount due by complainant to the defendant on the debt secured by the mortgage and "allowing complainant

credit for all amounts which defendant has either expressly or impliedly agreed to credit on such indebtedness." The register, in his report, found that there was due defendant by complainant on the accounting a balance of $1,769.39, which was secured by the mortgage. The complainant filed exceptions to this report of the register, and the court, by decree on the hearing, held that complainant was due defendant under the mortgage on the accounting the sum of $1,845.12, and that the unsecured debts due defendant by complainant exceeded the debts due complainant by defendant, and ordered the property in the mortgage sold to satisfy this mortgage debt, with interest, and the cost of the cause, unless complainant within 60 days from date of the decree pay the same. This appeal is prosecuted from that decree by the complainant.

[1] The original bill was filed in May, 1922. The mortgage was foreclosed on October 30, 1922. The mortgage contained no provision authorizing the mortgagee to purchase the property at the sale under the power; and the pleading and proof show the mortgagee, the defendant, C. J. Cobern, was the purchaser at the foreclosure sale of this real estate. The amendment to the bill alleging the foreclosure of the mortgage and the purchase of the property by the mortgagee, the defendant, without authority therein, and electing to treat it as void, was filed by the complainant, the mortgagor, and allowed by the court on November 21, 1922. The complainant, by filing this amendment, elected to disaffirm the foreclosure sale and to redeem; and this election was within two years after the sale and within the time allowed to elect. Norton v. British Am. Mtg. Co., 113 Ala. 110, 20 So. 968; British Am. Mtg. Co. v. Norton, 125 Ala. 522, 28 So. 31.

This is not a bill nor a cross-bill by a mortgagee to foreclose a mortgage. The bill is by the mortgagor and it seeks in part to have the sale, under the power in the mortgage of the land, declared void because the mortgagee, without authority in the mortgage, was the purchaser at the sale, and for an accounting and redemption under the mortgage. The mortgagor complainant, seeks to set off the mortgage debt with claims or debts due him by the mortgagor, the defendant, not connected with the mortgage contract, and without averring any facts showing he will suffer irreparable injury if his set-offs are not allowed in the redemption.

Whether such set-offs as averred are allowable in this bill to redeem by the mortgagor, is not presented for review and decision by this court, either in the pleadings or the proof. On this subject see Thompson v. Menefee, 211 Ala. 168, 100 So. 107, and authorities there cited.

The parties in their testimony agreed the principal sum secured by the mortgage was $1,000 for borrowed money; $500 of it bore

interest from February 1, 1913, and $500 with interest from November 19, 1913; and that $16 had been paid directly thereon by the mortgagor to the mortgagee. The amounts due the complainant by the defendant, and the amounts due the defendant by the complainant, which were not secured by the mortgage, were the real litigated issues between the parties in the proof. The defendant claimed the complainant owed him $100 with interest and $500 with interest, loaned to him prior to, or about the time of, the execution of the mortgage. The complainant's evidence admitted the $100 debt and interest, but denied this $500 debt and interest, and admitted that defendant was entitled to credit for this $100, and interest, as against the debt claimed by him against the defendant.

The parties had a brother A. S. Cobern, who resided in Texas. He became insane. The complainant, at the instance of the defendant, went to Texas in October, 1912, and brought him to Alabama, and he resided with complainant for nearly 18 months when he was placed in the asylum. The complainant claims the defendant agreed to pay all the expenses of going after his brother, his board, washing, nursing, medicine, and care of him while at his home, which amounted to about $1,300; and that he paid the taxes, $43.67, of the defendant for one year which he has never paid back to him. The testimony of complainant tended to show these amounts due by defendant to him with interest. The testimony of defendant tended to show that he could not go to Texas at the time for his brother, and requested his brother, complainant, to go, and that he would pay all expenses; and that, after he returned and after his brother was placed in the asylum, complainant rendered him a statement of all expenses, which amounted to $200.26, and which he agreed to pay by allowing him credit therefor, on the $600 unsecured debt.

The register of the court on the reference held and found that complainant owed defendant $100 which was not secured by the mortgage, and that defendant owed complainant this $200.26, and $43.67 taxes paid, making a total of $243.93; and the complainant owed the defendant the entire mortgage debt with interest, less credit of the sum of $16, and that the mortgage debt should be credited with $143.93, the difference between the $243.93 and $100. He found and reported the amount, with interest due defendant by the complainant, under the mortgage, after allowing all credits, was $1,769.39. Many of the witnesses were examined orally in his presence. The court, on exceptions to this report of the register by complainant, found amount due complainant by defendant for transportation and care of A. S. Cobern to be $200.26, cook hire and washing for A. S. Cobern $216, and taxes paid for C. J. Co-

bern $43.67, making the "total credits on open account $459.93." The court then found and held "these total credits of complainant are not sufficient to extinguish the unsecured indebtedness and none should be applied to the mortgage debt," and found the mortgage debt, including interest was $1,861.12, less the credit of $16, leaving a balance due on the mortgage of $1,845.12.

[2] There is much evidence, pro and con, on these alleged unsecured debts between the parties. It is a question of fact to be determined from the evidence. A discussion of it and reference to it in this opinion is not required by the statute, and no one would be benefited by it. It is sufficient to state that its weight sustains the finding of the trial court. Its conclusion and decree appear just and correct, and we find no error therein.

The decree is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.