172 So. 95

**EMENS v. STEPHENS et al.**

**6 Div. 974.**

Supreme Court of Alabama.

Jan. 7, 1937.

Crampton Harris and Willard Drake, both of Birmingham, for appellant.

Mullins, Deramus & Stuart, of Birmingham, for appellees.

THOMAS, Justice.

This appeal is from a decree overruling demurrers to a cross-bill.

The rules that have long prevailed as to the purpose and effect of a cross-bill are in substance as follows:

■ (1) It is defensive matter to the original bill in whole or in part—or to modify the relief the complainant obtains. Maryland Casualty Co. v. Holmes et al., 230 Ala. 332, 160 So. 768; Denicke et al. v. Davitt, 223 Ala. 69, 134 So. 794; Behan et al. v. Friedman et al., 216 Ala. 478, 113 So. 538; Whitfield v. Riddle, 78 Ala. 99; Davis v. Cook, 65 Ala. 617; Nelson and Hatch v. Dunn et al., 15 Ala. 501 (2).

■ (2) It must set up a new fact, pray affirmative relief, and present a case of equitable cognizance of the same subject-matter as that of the original bill and which upholds the jurisdiction of the original bill; that is, if it is to be maintained independent of the original bill. Ex parte Conradi, 210 Ala. 213, 97 So. 569; Phillips et al. v. Sipsey Coal Mining Co. et al., 218 Ala. 296, 118 So. 513; Lanier v. Henderson et al., 227 Ala. 243, 149 So. 674; Story Eq. Pl. §§ 387, 393.

■ (3) A cross-bill is to be tested as to its necessity and sufficiency with reference to the antecedent pleading. Lanier v. Henderson et al., supra; Middleton v. St. Louis & S. F. R. Co., 228 Ala. 323, 153 So. 256; Whaley v. First Nat. Bank of Opp, 229 Ala. 153, 155 So. 574; Maryland Casualty Co. v. Holmes et al., supra.

■ (4) A cross-bill will not be entertained when in the original suit the party filing it can obtain the full relief to which he is entitled. Gilman Sons & Co. v. New Orleans & Selma Railroad Company, 72 Ala. 566; McDaniel v. Callan, 75 Ala. 327; Haralson et al. v. Whitcomb, 200 Ala. 165, 75 So. 913.

■ (5) It is generally declared that a cross-bill may be maintained whenever, under the averred facts, it is necessary to do complete justice under the law between the parties, and to adjust their several and respective equities growing out of the subject matter brought before the court in the original bill (Smith v. Maya Corporation, 227 Ala. 6, 148 So. 621; Howe et al. v. Roberts, 209 Ala. 80, 95 So. 344; Smith et al. v. Rhodes et al., 206 Ala. 460, 90 So. 349); since a court of equity, having acquired jurisdiction, will do full and complete justice between the parties as to the subject matter (Lowery v. May, 213 Ala. 66, 104 So. 5; Burns v. Lenoir et al., 220 Ala. 422, 125 So. 661; Converse Bridge Co. et al. v. Geneva County, 168 Ala. 432, 53 So. 196; Lee v. Macon County Bank et al., post, p. 522, 172 So. 662.

■ The original bill filed by appellant, Emens, against Stephens and wife and the Woodlawn Loan & Guaranty Company, a corporation, sought an injunction to restrain prosecution of an unlawful detainer suit filed by respondent company against the complainant. A temporary writ was issued upon giving of bond by the complainant, and the individual respondents filed answers to the bill of complaint. The Woodlawn Loan & Guaranty Company, one of the respondents, filed an answer and cross-bill, to which the complainant and cross-respondent filed demurrers and which were overruled; hence this appeal.

The cross-bill avers that the respondent company is the owner of the property by reason of a mortgage foreclosed by the Prudential Insurance Company of America and at which foreclosure sale respondent and cross-complainant purchased the property for a stated sum; that it is entitled to possession of the property; seeks ouster of the complainant; and prays for a decree in favor of that company, and a moneyed judgment for rents during the time of illegal occupancy by the original complainant. This relief is all to be obtained at law. Taking the averments of the original bill as true, as to payment of the first mortgage by Stephens, the creation, ownership, denomination, and control by the Woodlawn corporation, respondent and cross-complainant—the right to set up and adjudicate the respective rights growing out of the facts may be had under the

bill and answer—the aid and office of a cross bill was not required. This, the brief of appellee inferentially conceded, saying: "If the appellant is entitled to the relief as set out in the bill of complaint, then, of course, the appellee is not entitled to its relief, but, if the appellant is not entitled to his relief as prayed for in his original bill, then certainly the appellee is fully entitled to have the appellant completely ousted from the premises, and * * * is entitled, as a matter of law, to a reasonable rental of the property as prayed." Tested by the rule that obtains, if the original bill had been dismissed, it would have carried the cross-bill sought to be maintained, for that it does not present an independent equity. Ex parte Conradi, 210 Ala. 213, 97 So. 569; Phillips et al. v. Sipsey Coal Mining Co. et al., 218 Ala. 296, 118 So. 513.

We think the demurrer to the cross-bill should have been sustained. The decree of the circuit court is therefore reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.