50 So.2d 270

**NOWELL et al. v. NOWELL.**

**4 Div. 620.**

Supreme Court of Alabama.

Feb. 1, 1951.

108

H. K. & J. F. Martin and W. Perry Calhoun, all of Dothan, for appellants.

G. D. Halstead, of Headland, for appellee.

SIMPSON, Justice.

The sole question for review relates to the propriety of the decree sustaining appellee's demurrer to appellants' cross-bill.

The proceedings leading up to the decree are: Appellants are the administrators of the estate of Martha Nowell, deceased, the administration of which estate had been removed to the equity court on the petition of the appellee, as an heir of decedent. Administrators sued appellee at law on a rent note owing the estate for rent of decedent's lands during her lifetime. Appellee, in defense of the note in the law court, claimed by his pleading, among other things, that the estate was indebted to him in a certain amount for expenses of last illness and burial; that there were certain matters of defense cognizant alone in equity to the law action; that therefore he had an equitable defense which was not available at law; that the administration of the estate was pending in equity, of consequence of which he prayed for transfer of the action to that court under the applicable statute.

Thereupon the parties filed a written agreement that the cause be transferred to equity and the court so ordered. The appellee then filed his bill setting forth his claimed equity, which is the approved procedure. Cornelius v. Moore, 208 Ala. 237, 238, 94 So. 57.

The appellant administrators answered finally by an amended answer and cross-bill, claiming certain sums of money to be owing the estate by the appellee, the substance of the claim being that appellee, who was son and one of the heirs of the decedent, had, during her lifetime, handled his mother's business for her, she being mentally incapacitated to do so for herself; had unduly imposed on her and had wrongfully and fraudulently misappropriated her monies and properties, the exact amount or location of which the cross-complainants were not informed and which facts were within the peculiar knowledge of the appellee (cross-defendant). The cross-bill then prayed for discovery and accounting as to these matters and that his full disclosure thereof was necessary for the proper administration of the estate.

Demurrer was interposed to this cross-bill. The court sustained the demurrer and it is from this decree that the appeal is prosecuted.

The theory on which the decree is sought to be sustained seems to be that since the note was merely a money demand and in no way connected with the claimed defalcation of appellee, the bill for a discovery and accounting against appellee was not the proper subject of cross-bill, on the general principle that new and distinct matters not pertaining to that of the original bill is

not the subject of cross-bill. This principle is not here of controlling import.

That theory overlooks the fact that the appellee, who is challenging the right of the administrators by their cross-bill to have a discovery and accounting against him for assets of the estate which he is alleged to have fraudulently misappropriated, presumably effectuated the transfer of the law action to equity on his claim that the estate was indebted to him and that there were certain equities subject to adjustment between himself and the estate and the other heirs, not available as a defense at law. The cross-bill merely brought in by its allegations another equity relative to that subject matter to be adjusted between the parties. The uniform holding is that a cross-bill is proper whenever it shows the matter sought to be brought in is connected with or grows out of the subject matter of the original bill and it is necessary to do complete justice between the parties by adjusting their several equities in regard to such matter. Smith v. Maya Corporation, 227 Ala. 6, 148 So. 621; Howe v. Roberts, 209 Ala. 80, 95 So. 344; Smith v. Rhodes, 206 Ala. 460, 90 So. 349; Burns v. Lenoir, 220 Ala. 422, 125 So. 661; Emens v. Stephens, 233 Ala. 295, 172 So. 95; Graham v. Powell, 250 Ala. 500, 35 So.2d 175; Equity Rule 26, Code 1940, Title 7, Appendix.

In view of the argument of counsel, it is also well to point out that the general rule that new and distinct matters, not connected with or growing out of the subject matter of the original bill, is not available by cross-bill does not apply to set-off where the cause is properly pending in equity. Any legal demand, the subject of set-off at law, is available to a defendant in equity. Tate v. Evans, 54 Ala. 16; Gafford v. Proskauer, 59 Ala. 264; Knight v. Drane, 77 Ala. 371; Hooper v. Armstrong, 69 Ala. 343; 30 C.J.S., Equity, p. 787, § 375.

Our conclusion is that the learned trial court was in error in sustaining demurrer to the cross-bill and a decree will here be rendered overruling same.

Reversed, rendered and remanded.

FOSTER, LAWSON, and STAKELY, JJ., concur.